## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Robert Shumake, a/k/a Bobby Japhia,
a/k/a Shaman Shu, and
Soul Tribes International Ministries,

      Case No.

     Plaintiffs,        HON:

v.

City of Detroit, Conrad Mallett,
Douglas Baker, James Tate, David Bell,
Thomas Gilcrest, James E. White,
Detrich Lever, Andrew Guntzviller,
Joel Dobis, Baaron Coleman, and
Kevin Briggs,

     Defendants.

_____

| | |
|---|---|
| Daniel J. M. Schauman (P55958) | Ben Patterson (P85118) |
| Schouman and Schiano | City of Detroit Law Department |
| Attorney for Plaintiffs | Attorneys for Defendants City of Detroit, |
| 1060 E. West Maple | Conrad Mallett, Douglas Baker, David Bell, |
| Walled Lake, MI 48390 | Dietrich Lever, Baron Coleman, and Joel |
| (248) 669-9830 | Dobis |
| Fax (248) 669-9840 | 2 Woodward Avenue, Suite 500 |
| dschouman@gmail.com | Detroit, MI 48226 |
| | (313) 237-5082 / Fax: (313) 224-5505 |
| | Ben.Patterson@detroitmi.gov |

_____

## <u>NOTICE OF REMOVAL OF CIVIL ACTION</u>

Under 28 U.S.C. § 1441 and 28 U.S.C. § 1446, Defendants City of Detroit,

Conrad Mallett, Douglas Baker, David Bell, Dietrich Lever, Baron Coleman, and

Joel Dobis ("Defendants") remove this civil action predicated upon the following:

1

1.      On January 14, 2025, Plaintiffs commenced this action in the Third Judicial Circuit Court of Michigan.  This action is currently pending before that court.

2.      Defendants were served with the summons and complaint starting on January 21, 2025, or on dates thereafter.

3.      The above-entitled action is a civil suit for alleged civil rights violations in which Plaintiffs seek compensatory damages, allegedly arising, in part, from a violation or deprivation of rights under the United States Constitution, as more fully appears in the copy of the complaint attached to this notice.

4.      This Court has original jurisdiction of the above-entitled action under 28 U.S.C. § 1331 and removal of the action to this Court is proper under 28 U.S.C. § 1441(a).

5.      Under 28 U.S.C. § 1441(c), this action is removed in its entirety to this Court.

6.      Copies of all process, pleadings, and orders served upon the Defendants in this matter are attached as Exhibit A.

7.      This notice is timely, having been filed within thirty days after service of the Summons and Complaint upon the Defendants.  28 U.S.C. § 1446.

8.      The undersigned has prepared a written notice of the removal of this action.  Such notice will be provided to counsel for Plaintiffs and to the clerk of the

court from which this matter is removed. Promptly after filing this Notice of Removal of Civil Action, the undersigned will file a copy with the clerk of the court from which this action is removed and provide a copy to counsel of record by first class mail and email.

9.     Based upon the authorities and facts recited above, Defendants remove the above-entitled action to this Court.


DATED: February 11, 2025                    Respectfully submitted,

                                            /s/ Ben Patterson
                                            **BEN PATTERSON (P85118)**
                                            Senior Assistant Corporation Counsel
                                            Coleman A. Young Municipal Center
                                            2 Woodward Avenue, Suite 500
                                            Detroit, MI  48226
                                            (313) 237-5082
                                            Ben.Patterson@detroitmi.gov


## <u>CERTIFICATE OF SERVICE</u>

I, Renee Draper, hereby certify that on February 11, 2025, I served the aforementioned document via email and U.S. Mail, with postage fully prepaid thereon, to Plaintiffs' counsel's address of record.

The statement above is true to the best of my knowledge, information and belief.

                                            /s/ Renee Draper
                                            Renee Draper

3

# Exhibit A

Original- Court
1st Copy- Defendant
2nd Copy -Plaintiff
3rd Copy -Return

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS | CASE NO. 25-000631-CZ Hon.Charlene M. Elder |
|---|---|---|

Court telephone no.: 313-224-5436

| Plaintiff's name(s), address(es), and telephone no(s) Shumake, Robert    et. Al | v | Defendant's name(s), address(es), and telephone no(s). City of Detroit |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no Daniel J. M. Schouman 55958 1060 E West Maple Rd Walled Lake, MI 48390-3571 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or  family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving  the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving  the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS  and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the  complaint.

☒ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint  has been previously filed in ☒ this court, ☐ _____ Court,    where it was given case number 23-012532-CZ and assigned to Judge Leslie Kim Smith.

The action ☒ remains  ☐ is no longer  pending.

Summons section completed by court clerk.         | SUMMONS |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 1/14/2025 | Expiration date* 4/15/2025 | Court clerk Yolanda Payne |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23)         SUMMONS         MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105





MCL 600.1910, MCR 2.104, MCR 2.105

Original - Court
1st Copy- Defendant

2nd Copy - Plaintiff
3rd Copy -Return

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>25-000631-CZ<br>Hon.Charlene M. Elder |
|---|---|---|

Court telephone no.: 313-224-5436

| Plaintiff's name(s), address(es), and telephone no(s)<br>Shumake, Robert     et. Al | v | Defendant's name(s), address(es), and telephone no(s).<br>Mallett, Conrad |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br>Daniel J. M. Schouman 55958<br>1060 E West Maple Rd<br>Walled Lake, MI 48390-3571 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or  family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving  the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving  the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS  and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the  complaint.

☒ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint   has been previously filed in ☒ this court, ☐ _____ Court,          where it was given case number 23-012532-CZ and assigned to Judge Leslie Kim Smith.

The action ☒ remains   ☐ is no longer  pending.

Summons section completed by court clerk.

| SUMMONS |
|---|

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1.  You are being sued.

2.  **YOU HAVE 21 DAYS** after receiving this summons  and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).

3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>1/14/2025 | Expiration date*<br>4/15/2025 | Court clerk<br>Yolanda Payne |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01 (3/23)**          **SUMMONS**              MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



Original - Court
1st Copy- Defendant
2nd Copy - Plaintiff
3rd Copy -Return

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>25-000631-CZ<br>Hon.Charlene M. Elder |
|---|---|---|

Court telephone no.: 313-224-5436

| Plaintiff's name(s), address(es), and telephone no(s)<br>Shumake, Robert    et. Al | v | Defendant's name(s), address(es), and telephone no(s).<br>Baker, Douglas |
|---|---|---|
| **Plaintiff's attorney, bar no., address, and telephone no**<br>Daniel J. M. Schouman 55958<br>1060 E West Maple Rd<br>Walled Lake, MI 48390-3571 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or  family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving  the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving  the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS  and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the  complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the  complaint.

☒ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint   has been previously filed in ☒ this court, ☐ _____ Court,      where it was given case number 23-012532-CZ and assigned to Judge Leslie Kim Smith.

The action ☒ remains  ☐ is no longer  pending.

Summons section completed by court clerk.    | SUMMONS |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1.  You are being sued.
2.  **YOU HAVE 21 DAYS** after receiving this summons  and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3.  If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4.  If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>1/14/2025 | Expiration date*<br>4/15/2025 | Court clerk<br>Yolanda Payne |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23)        SUMMONS        MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105





12:30pm
Mail

RECEIVED
JAN 2 1 2025
CITY OF DETROIT
LAW DEPARTMENT

Original - Court
1st Copy- Defendant

2nd Copy - Plaintiff
3rd Copy - Return

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>25-000631-CZ<br>Hon.Charlene M. Elder |
|---|---|---|

Court telephone no.: 313-224-5436

| Plaintiff's name(s), address(es), and telephone no(s)<br>Shumake, Robert    et. Al | | v | | Defendant's name(s), address(es), and telephone no(s).<br>Bell, David |
|---|---|---|---|---|

| Plaintiff's attorney, bar no., address, and telephone no<br>Daniel J. M. Schouman 55958<br>1060 E West Maple Rd<br>Walled Lake, MI 48390-3571 | | |
|---|---|---|

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☒ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☒ this court, ☐ _____ Court, where it was given case number 23-012532-CZ and assigned to Judge Leslie Kim Smith.

The action ☒ remains ☐ is no longer pending.

Summons section completed by court clerk.    | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>1/14/2025 | Expiration date*<br>4/15/2025 | Court clerk<br>Yolanda Payne |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23)      **SUMMONS**      MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



RECEIVED Int
JAN 22 2025
11:31am
CITY OF DETROIT
LAW DEPARTMENT

MCL 600.1910, MCR 2.104, MCR 2.105

Original - Court      2nd Copy - Plaintiff
1st Copy- Defendant    3rd Copy -Return

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>25-000631-CZ<br>Hon.Charlene M. Elder |
|---|---|---|

Court telephone no.: 313-224-5436

| Plaintiff's name(s), address(es), and telephone no(s)<br>Shumake, Robert   et. Al | v | Defendant's name(s), address(es), and telephone no(s).<br>Lever, Detrich |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br>Daniel J. M. Schouman 55958<br>1060 E West Maple Rd<br>Walled Lake, MI 48390-3571 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☒ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☒ this court, ☐ _____ Court, where it was given case number 23-012532-CZ and assigned to Judge Leslie Kim Smith.

The action ☒ remains ☐ is no longer pending.

Summons section completed by court clerk.      | SUMMONS |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>1/14/2025 | Expiration date*<br>4/15/2025 | Court clerk<br>Yolanda Payne |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01** (3/23)        **SUMMONS**      MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



MCL 600.1910, MCR 2.104, MCR 2.105

Original- Court  
1st Copy- Defendant  
2nd Copy - Plaintiff  
3rd Copy -Return

| **STATE OF MICHIGAN**<br>**THIRD JUDICIAL CIRCUIT**<br>**WAYNE COUNTY** | **SUMMONS** | **CASE NO.**<br>**25-000631-CZ**<br>**Hon.Charlene M. Elder** |
|---|---|---|

Court telephone no.: 313-224-5436

| **Plaintiff's name(s), address(es), and telephone no(s)**<br>Shumake, Robert     et. Al | v | **Defendant's name(s), and telephone no(s).**<br>Coleman, Baaron |
|---|---|---|
| **Plaintiff's attorney, bar no., address, and telephone no**<br>Daniel J. M. Schouman 55958<br>1060 E West Maple Rd<br>Walled Lake, MI 48390-3571 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☒ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS  and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the  complaint.

☒ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint   has been previously filed in ☒ this court, ☐ _____ Court,       where it was given case number 23-012532-CZ and assigned to Judge Leslie Kim Smith.

The action ☒ remains  ☐ is no longer  pending.

Summons section completed by court clerk.        | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>1/14/2025 | Expiration date*<br>4/15/2025 | Court clerk<br>Yolanda Payne |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01 (3/23)**          **SUMMONS**            MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



MCL 600.1910, MCR 2.104, MCR 2.105

| | Original - Court | 2nd Copy - Plaintiff |
| | 1st Copy - Defendant | 3rd Copy - Return |

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS | CASE NO. 25-000631-CZ Hon. Charlene M. Elder |

Court telephone no.: 313-224-5436

| Plaintiff's name(s), address(es), and telephone no(s) Shumake, Robert  et. Al | v | Defendant's name(s), address(es), and telephone no(s). Dobis, Joel |
| Plaintiff's attorney, bar no., address, and telephone no Daniel J. M. Schouman 55958 1060 E West Maple Rd Walled Lake, MI 48390-3911 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or  family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving  the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving  the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS  and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the  complaint.

☒ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint    has been previously filed in ☒ this court, ☐ _____ Court,         where it was given case number 23-012532-CZ and assigned to Judge Leslie Kim Smith.

The action ☒ remains  ☐ is no longer  pending.

Summons section completed by court clerk.        **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons  and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 1/14/2025 | Expiration date* 4/15/2025 | Court clerk Yolanda Payne |

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01 (3/23)**        **SUMMONS**        MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

MCL 600.1910, MCR 2.104, MCR 2.105

# STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

Robert Shumake, a/k/a Bobby Japhia, a/k/a Shaman Shu
an individual,
and Soul Tribes International Ministries,
a Michigan ecclesiastical organization,

        Plaintiffs,

vs.

City of Detroit,
a chartered municipal corporation,
and
Conrad Mallett, an individual, Douglas Baker, an individual,
James Tate, an individual, David Bell, an individual,
Thomas Gilcrest, an individual, James E. White, an individual,
Detrich Lever, an individual, Andrew Guntzviller, an individual,
Joel Dobis, an individual, Baaron Coleman, an individual,
and Kevin Briggs, an individual,

        Defendants.

Case No.: 25 - 631-CZ
Hon.: Charlene M. Elder

_____/

Schouman and Schiano
Daniel J. M. Schouman (P55958)
Attorney for Plaintiffs
1060 E. West Maple
Walled Lake, MI 48390
(248) 669-9830
Fax (248) 669-9840
_____/

  A cause of action relating to the same transaction and occurrence has been previously filed in this court and is given case number 23-012532-CZ and is assigned to Judge Leslie Kim Smith. The City has previously been given notice of this cause of action in Federal Court and any further notice Prior to filing would be a useless gesture.

## VERIFIED COMPLAINT AND JURY DEMAND

    **NOW COME** Plaintiffs, Robert Shumake and Soul Tribes International Ministries,

by and through their attorney, Schouman and Schiano, by Daniel J. M. Schouman, and for their

complaint against Defendants, state as follows:

Document received by the MI Wayne 3rd Circuit Court.

1

## PARTIES

1.    Plaintiff, Robert Shumake (hereinafter "Shaman Shu") is a religious leader and founder of Soul Tribes International Ministries. At all times relevant hereto, Shaman Shu resided in the City of Detroit, County of Wayne, State of Michigan.

2.    Plaintiff, Soul Tribes International Ministries (hereinafter, "Soul Tribes"), is a Michigan ecclesiastical organization duly authorized and registered under the laws of the State of Michigan which has over 200 members in addition to a worldwide healing network focusing on shamanic spiritual teachings that are viewable on Apple TV, Amazon Firestick, Roku TV, and Google TV. At all times relevant hereto, Soul Tribes maintained its registered office in the City of Detroit, County of Wayne, State of Michigan.

3.    Defendant, City of Detroit, is a Michigan municipal corporation, duly organized and carrying on governmental functions, in the City of Detroit, County of Wayne, State of Michigan, and is the body responsible for the control and oversight of its departments, agencies, and facilities including the City Law Department and its staff attorneys, including, but not limited to Defendants Conrad Mallet and Douglas Baker, the City Council, including, but not limited to City Councilman James Tate, Building Safety Engineering and Environmental Department and its officers, including but not limited to Defendants David Bell and Thomas Gilcrest, and Detroit Police Department, as well as its officers, including but not limited to Defendants former Chief James E. White, Commander Detrich Lever, Corporal Joel Dobis, Lieutenant Andrew Guntzviller, Seargent Kevin Briggs.

4.    Defendant Conrad Mallet, Corporation Counsel of the Detroit City Law Department. Mr. Mallet is sued in his individual and official capacities. At all times relevant hereto, Mr. Mallet was acting under color of state law.

2

Document received by the MI Wayne 3rd Circuit Court.

5.      Defendant Douglas Baker, Assistant Corporation Counsel and Chief of Criminal Enforcement Division of the Detroit City Law Department.  Mr. Baker is sued in his individual and official capacities.  At all times relevant hereto, Mr. Baker was acting under color of state law.

6.      Defendant, James Tate, City Councilman pro tem of District 1, City of Detroit. Mr. Tate is sued in his individual and official capacities. At all times relevant hereto, Mr. Tate was acting under color of state law.

7.      Defendant, David Bell, Director of Building Safety Engineering and Environmental Department.  Mr. Bell is sued in his individual and official capacities.  At all times relevant hereto, Mr. Bell was acting under color of state law.

8.      Defendant, Thomas Gilcrest, Building Inspector of Building Safety Engineering and Environmental Department.  Mr. Gilcrest is sued in his individual and official capacities.  At all times relevant hereto, Mr. Gilcrest was acting under color of state law.

9.      Defendant, James E. White, former Chief, City of Detroit Police Department. Mr. White is sued in his individual and official capacities.  At all times relevant hereto, Mr. White was acting under color of state law.

10.     Defendant, Detrich Lever, Commander, City of Detroit Police Department. Mr. Lever is sued in his individual and official capacities.  At all times relevant hereto, Mr. White was acting under color of state law.

11.     Defendant, Joel Dobis, Corporal, City of Detroit Police Department.  Mr. Dobis is sued in his individual and official capacities.  At all times relevant hereto, Mr. Dobis was acting under color of state law.

3

Document received by the MI Wayne 3rd Circuit Court.

12.     Defendant, Andrew Guntzviller, Lieutenant, City of Detroit Police Department. Mr. Guntzviller is being sued in his individual and official capacities. At all times relevant hereto, Mr. Guntzviller was acting under color of state law.

13.     Defendant, Kevin Briggs, Seargent, City of Detroit Police Department. Mr. Briggs is being sued in his individual and official capacities. At all times relevant hereto, Mr. Briggs was acting under color of state law.

14.     Defendant, Baaron Coleman, Police Officer, City of Detroit Police Department. Mr. Harris is being sued in his individual and official capacities. At all times relevant hereto, Mr. Harris was acting under color of state law.

15.     At all material times, Defendant, City of Detroit, employed named Defendants and is liable for their acts. Defendant City of Detroit is also liable for the unconstitutional policies, practices, and customs of its Law Department, City Council, Building Safety Engineering and Environmental Department, and Police Department.

16.     At all times relevant hereto, Defendant, James White, was the head of the City of Detroit's Police Department and who was responsible for managing and supervising the Department, including the individually named officers, and had the final policy-making authority for the Detroit Police Department.

17.     At all times relevant hereto, Defendant, Conrad Mallet, was the head of the City of Detroit's Law Department and who was responsible for managing and supervising the Department, including Douglas Baker, and had the final policy-making authority for the City of Detroit Law Department.

18.     At all times relevant hereto, Defendant, David Bell, was the Director of Building Safety Engineering and Environmental Department and was responsible  for

4

Document received by the MI Wayne 3rd Circuit Court.

managing and supervising the Department, including Thomas Gilcrest, and had the final policy-making authority for the Building Safety Engineering and Environmental Department.

## JURISDICTION AND VENUE

19.     Plaintiffs hereby incorporate the allegations contained in the preceding paragraphs as if fully rewritten herein.

20.     This is a civil action for monetary damages and declaratory relief brought pursuant to violation of state and federal law including without limitation Mich Const 1963 Art I, §2, 3, 4, 5, 11; 42 U.S.C. §§ 1983, the First, Fourth, and Fourteenth Amendments to the United States Constitution, and Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §2000cc et seq.

21.     Jurisdiction is proper in this Court pursuant to MCL 700.1303 and this cause of action also seeks declaratory relief under MCR 2.605.

22.     Venue is proper as the events giving rise to this action occurred in Wayne County, Michigan and pertains to allegations involving the City of Detroit and its agents.

23.     The amount in controversy exceeds Twenty-Five Thousand ($25,000.00) Dollars.

## FACTUAL ALLEGATIONS

24.     Plaintiffs hereby incorporate the allegations contained in the preceding paragraphs as if fully rewritten herein.

25.     Plaintiffs are a sincere religious practitioner/ministry for whom the

Document received by the MI Wayne 3rd Circuit Court.

consumption of Sacred Mushrooms (psilocybin-containing mushrooms) and other earth-based entheogens, is the foundational element of Plaintiffs' religious practices, and from this central practice, all other facets of their religious beliefs and practices flow. The term "entheogen" in this context refers to psychedelics which are used for purposes of accessing "the Divine within." For Plaintiffs, the act of consuming a plant/fungal/earth-based psychedelic for the purposes of communing with the Divine makes the substance an "entheogen" and not merely a psychedelic.

26.     For Plaintiffs and its members, the very powerful, intense, but transient altered states of consciousness effectuated through the sacramental consumption of Sacred Mushrooms, allow them to experience direct communion with the Divine. Through this ultimate act of Holy Communion, they very reliably receive answers to all of life's questions (ultimate, general, specific) and guidance on how to live their best and most spiritually aligned lives.

27.     Because the Plaintiffs' religious practice is primarily focused on effectuating primary religious/mystical experiences in each individual member, there is less reliance on written texts or dogma, as each member's communion with the Divine is extremely personal and the answers and guidance received are specifically tailored to their life circumstances. However, Soul Tribes does encourage its members, to the extent they can help provide meaning and context to abstract and ambiguous aspects of their own direct/primary religious experiences, to read and study spiritual and religious texts from various traditions around the world.

28.     According to the vast amount of medical and scientific evidence gathered through FDA-approved clinical trials and other academic research conducted since the

Document received by the MI Wayne 3rd Circuit Court.

1960's, Psilocybin, the entheogenic molecule contained in Sacred Mushrooms, has been scientifically proven to effectuate primary religious/mystical experiences in volunteers at the rate of approximately 70-80% of those who consume a sufficient dose, even in a clinical setting.

29.    Plaintiffs, as religious practitioners, hold regular religious ceremonies with ten or more members in attendance, in addition to educating all members on how to create their own safe and sacred space should they choose to engage in personal/private communion with Sacred Mushrooms.

30.    All potential members are screened for sincere and proper intentions and informed of the limited health risks associated with consuming Sacred Mushrooms. The ministry recommends, but does not require, potential members to consult a medical professional prior to consuming Sacred Mushrooms. To date, the ministry is not aware of any adverse health events or negative experiences by any of its members.

31.    Consistent with its sincere religious beliefs, the ministry provides its members with Sacred Mushrooms in exchange for renumeration, which is usually, not always U.S. currency. Through this sacred energy exchange, along with other charitable donations, the ministry can remain an ongoing concern and finance the Bushnell Church location and provide other religious activities and services for its members. Members are not allowed to purchase Sacrament from the ministry until they receive education and instruction on harm reduction, which includes information on the effects of the Sacrament, the nature of the experience at various dosing levels, and how members can create and maintain a safe and sacred environment for personal and private communion with the Sacrament.

Document received by the MI Wayne 3rd Circuit Court.

32.    According to expert psilocybin researchers, the ministry's membership documentation and protocol for dispensing Sacrament to members is sufficient to vitiate the need for extensive, if any, governmental interference or regulation of the Plaintiffs' entheogen-based religious practice.

33.    Regardless, as the record in this case reveals, the Plaintiffs entertain reasonable adjustments in their operations and/or membership intake protocols and procedures as a means of striking an appropriate balance between their right to free exercise and any (provable) compelling interest the City has in protecting the health and safety of citizens.

34.    For over a year prior to Plaintiffs' purchase of the Bushnell Church location, Plaintiff, Shaman Shu, on behalf of Soul Tribes, held numerous religious ceremonies in private residences around Detroit, each ritual including ten or more Detroit residents. Through this process, the ministry was able to obtain over 150 dedicated members.

35.    These group ceremonies were attended by a wide variety of Detroit citizens, many of whom are and/or were affiliated with other established religions and because of their participation in these gatherings, have now chosen to become members of Soul Tribe without reservation.

36.    Because of his notoriety as an effective spiritual, religious, and ceremonial leader, clerics of other established religions within Detroit have sent some of their parishioners to commune in ceremony with Shaman Shu when experiencing a significant spiritual crisis.

37.    Plaintiffs believe the archeological and anthropological record proves that

8

Document received by the MI Wayne 3rd Circuit Court.

their entheogen-based religious practices are extremely ancient and were practiced in all major areas of the world in antiquity. As such, Plaintiffs believe the sacramental consumption of entheogens, particularly Sacred Mushrooms, is our universal religious heritage.

38.     Like the Santo Daime and UDV religions, Plaintiffs' religion is also syncretic in nature and incorporates elements from various indigenous traditions from around the world, as well as elements from many "established" religions known and practiced around the world today.

39.     Plaintiffs' sincere religious beliefs require them, as do other established religions, to engage in acts of proselytizing, or spreading the word of the Divine, to attract new members into its ministry. This has long been recognized and accepted by the U.S. Supreme Court as a quintessential religious exercise protected by the First Amendment, regardless of how irregular or misplaced those efforts may seem to others.

40.     According to Plaintiffs' religious beliefs, which is similar to the well- known law of Karma, all humans must strive for right relations with other humans and Mother Earth. Congruent such beliefs, all exchanges between humans must be as fair and equitable as possible in order to avoid any potential karmic imbalances.

41.     Because of the sincerely held beliefs outlined above, Plaintiff, Shaman Shu, on behalf of Soul Tribes, consistent with Proposal E (as codified at Section 31-9-71 to 76 of Detroit City Ordinances) exchanges Sacred Mushrooms for renumeration to members of the ministry. Such conduct is specifically authorized under the ordinance at Section 31-9-72 & 3 which allows remuneration of entheogenic plants by a religious leader. While exchanging Sacrament for renumeration is partially commercial in nature, that alone does not detract from the inherent religious nature of the activity, as this practice is essential for Plaintiffs to spread

Document received by the MI Wayne 3rd Circuit Court.

the word of the Divine.  If it were otherwise, "…then passing of the collection plate in church would make the church service a commercial project."

42.    Beginning approximately six months prior to the September 22, 2023 unconstitutional raid, Shaman Shu, on behalf of the Soul Tribes, expended significant amounts of time, energy, and personal funds to both purchase the Bushnell Church location (for the ministry) and to renovate the historic church house back to its original grandeur.

43.    In order to increase the ministry's membership and in the process reach particularly vulnerable demographics (those who are prone to drug abuse and gang activity) within Detroit, Plaintiffs engaged in constitutionally protected speech and expression (proselytization) by publishing a series of signs and billboards across the City, some of which referenced Sacred Mushrooms using the word "shrooms." While this term was employed to effectively communicate to the above-mentioned targeted demographics, it seems to have offended certain Detroit city officials.

44.    At no time prior to the unconstitutional raid on September 22, 2023, including the ninety-seven years the building has been in existence, did any City or State official provide notice to Plaintiffs that the Bushnell Church location was in any way non-compliant with any City ordinances or State laws.  Only after the church building was acquired and inhabited by Plaintiffs, who are entheogen-based and not Christian religious practitioners, did the City begin to enforce laws against inhabitants of the Bushnell Church location.

45.    Upon information and belief, the City of Detroit has an unofficial custom of using its building and zoning codes, ex post facto, to justify otherwise unconstitutional and discriminatory activities at the behest of high ranking city officials.

Document received by the MI Wayne 3rd Circuit Court.

46.     Despite the City citing multiple building and municipal code violations, the Plaintiffs have never received, before or after the unconstitutional raid and/or nuisance lawsuit, a single warning, citation, or provided any kind of due process regarding these alleged violations.

47.     After significant renovations had been completed on the Bushnell Church building, Shaman Shu, as leader of Soul Tribes decided to open the Bushnell Church location for religious services and membership outreach.

48.     Upon information and belief, on or about September 8, 2023, at the behest of Commander Detrich Lever of the Detroit Police Department, Conrad Mallet and Douglas Baker of the City Law Department, and Councilman James Tate, Corporal Joel Dobis was dispatched to Plaintiffs Bushnell Church location to investigate what Commander Detrich classified as "illegal" activity.

49.     Upon information and belief, while at the Bushnell Church location, Corporal Dobis had a consensual conversation with Soul Tribes employee Justin Caldwell, who peacefully and with complete candor told Corporal Dobis about the ministry's Sacrament, their belief in the constitutionality of their activities at the Bushnell Church location, and that those who are members of the ministry have access to Sacrament.

50.     Upon information and belief, while at the Bushnell Church location on September 8, 2023, Corporal Dobis stood at the doorway and saw the Church's Sacrament on display, along with other merchandise the Church offered to its members.  Despite having no knowledge or expertise in mycology, Corporal Dobis concluded that in fact the mushrooms he witnessed from a distance did in fact contain psilocybin.

51.     Upon information and belief, on or about September 12, 2023, Lieutenant

Document received by the MI Wayne 3rd Circuit Court.

Andrew Guntzviller, drove past the Bushnell Church location and noted the existence of signs

posted in the yard of the Bushnell Church location which promoted the ministry and its

Sacramental offerings. Despite containing constitutionally protected speech and expression,

Lieutenant Andrew Guntzviller declared, at the behest of Conrad Mallet and Douglas Baker

of the City Law Department, and Councilman James Tate, that the signs content promoted

criminal and not protected religious activity.

52.   The City of Detroit provides no training to any of its employees, including

those in the City Law department, on how to identify constitutionally protected speech and/or

religious exercises. Most important and relevant to this case, is the fact that not one employee

involved in this matter has been trained or instructed on how courts define religion under the

First Amendment of the United States Constitution or under the Michigan Constitution, which

is essential knowledge for effective and constitutionally sensitive policing.

53.   Upon information and belief, the City of Detroit's law department does not

provide any training or supervision to its staff attorneys on how to identify

constitutionally protected speech and/or religious exercises, including but not limited to, how

courts define religion under the First Amendment of the United States Constitution or

Michigan's Constitution. Moreover, it is apparent the City Law Department disregards any

constitutionally required evidentiary standards or burdens during its investigations and/or

resulting prosecutions.

54.   Upon information and belief, the City of Detroit's Building Safety

Engineering and Environmental Department does not provide adequate training or supervision

to its building inspectors on how to identify constitutionally protected speech and/or religious

exercises, including but not limited to, how courts define religion under the First Amendment

Document received by the MI Wayne 3rd Circuit Court.

of the United States Constitution or under the Michigan Constitution. Instead, upon information and belief, the department trains and encourages its inspectors on how to use the building and sign codes to reinforce unconstitutional activities carried out by other departments, ex post facto.

55.    Upon information and belief, on September 15, 2023, an unidentified undercover officer attempted to enter Plaintiffs' Bushnell Church location and purchase Sacrament but was denied access for refusal to undergo the membership process required by the ministry.

56.    No person has ever acquired Sacrament from Plaintiffs without first undergoing the ministry's membership process.

57.    In addition to Commander Lever's September 8, 2023 visit, and subsequent undercover visit to the Church, for several weeks prior to the unconstitutional raid of September 22, 2023, Shaman Shu, on behalf of Soul Tribes, had considerable contact with officials inside the Detroit Police Department, wherein he exchanged emails and had a lengthy face-face meeting with Seargent Crystal Johns, Director of Community Policing in the Bushnell Church's precinct.

58.    On September 16, 2023, Shaman Shu sent Crystal Johns an email detailing the Church's position on a plethora of pertinent issues including the religious nature of Soul Tribe's belief system and practices, its dedication to the growth and well-being of the community, its belief that the Church's practices are constitutionally protected from unnecessary interference by the government, that such protection is fundamental to the fulfillment of its mission, and its unwavering support of indigenous communities in the U.S. and around the world.

Document received by the MI Wayne 3rd Circuit Court.

59.     In addition to the topics outlined in the above paragraph, Shama Shu also stated in the same email, "Please feel free to reach me at [PHONE NUMBER] and we would be more than happy to provide further information.  We are excited to engage in meaningful conversation within your agency as well as to participate in community forums designed to educate and engage those interested in the healing impacts of plant medicine in mental health and spiritual growth.  I have also attached documents about our ministry, Proposal E pay close attention to Section 20 paragraph 2.  This allows our ministry to sell with or without renumeration.  Many are aware of the actual ruling.  Thank you for your time and consideration…"

60.     In response to the aforementioned email, Sargeant Crystal Johns responded by saying, "….Thank you, and as you may already be aware, your ministry has definitely perked up some ears in the community.  Many of the questions and documented laws are above my understanding but the City's legal team and our Police executives would like to have a conversation with you.  I did share with the group that we (you and I) had a sit-down conversation and that you were very open to speaking with me and explained as you did in this email to furthering this conversation with others.  I'm sure that you are well equipped to come to the table alone, but if you would care to set up a meeting with our City entities, I can help facilitate that.  Please let me know…."

61.     On September 16, 2023, Shaman Shu also had a long conversation in the driveway of the Bushnell Church location with Detroit police officer Baaron Coleman- essentially relaying to Mr. Coleman the same information he had relayed to Sargeant Crystal Johns.

62.     After the face-to-face meeting and email exchanges described herein,

14

Document received by the MI Wayne 3rd Circuit Court.

Plaintiffs had no further contact with officials from the Detroit Police department until the September 22, 2023 unconstitutional search and seizure.

63.     Unfortunately for Plaintiffs, because their religious beliefs require them to live in their truth and always act with full integrity, they felt compelled to make the afore-mentioned full and truthful disclosures about Soul Tribes' ministry, its beliefs and practices, and its intentions moving forward. Due to the City intentionally lulling Plaintiffs into a false sense of security in exercising their constitutional rights, the Plaintiffs continued to openly engage in the free exercise of their religion at the Bushnell Church location.

64.     Upon information and belief, on or around September 20, 2023, Corporal Joel Dobis sent an email to an intentionally unidentified person, copying Commander Lever and one other unknown individual, stating the facts he had acquired during his consensual conversation with the Church's employee, Justin Caldwell, as well as his observations about the presentation of Sacrament within the Bushnell Church location.  Any reasonable person reading the content of the above-mentioned email would have understood that Plaintiffs' First Amendment free exercise rights were integral to their activities at the Bushnell Church location.

65.     On September 21, 2023, a day before the unconstitutional raid of September 22, 2023, Shaman Shu sent a text message to City councilman James Tate which stated, "Councilman Tate hope all is well this is Shaman Robert Shumake.  I wanted to connect with you to discuss our church in your district," which went without any type of response or acknowledgment.

66.     On September 21, 2023, only one day after Corporal Dobbs' email to James Tate, Lieutenant Andrew Guntzviller, at the direction of James Tate and with the assistance

Document received by the MI Wayne 3rd Circuit Court.

Conrad Mallet and Douglas Baker, applied for a search warrant for the Bushnell Church location by intentionally omitting all material information regarding Plaintiffs' prior contact with police department officials and facts regarding Plaintiffs' constitutional claims. Douglas Baker, acting as co-affiant, signed and adopted the statements made in the search warrant affidavit. For all intents and purposes, the statements attested by Lieutenant Guntzviller are those of Douglas Baker and the City Law Department.

67.     Despite being aware of the existence and nature of Plaintiffs' First Amendment claims regarding the consumption and distribution of Sacred Mushrooms, because these facts were significant and could have prevented the City from obtaining the unconstitutional warrant it desired, Lieutenant Guntzviller and Douglas Baker intentionally omitted this information from the September 21, 2023 search warrant application.

68.     Upon information and belief, Conrad Mallet and Douglas Baker of the City Law Department, Councilman James Tate, and Police Chief James White were intimately involved in guiding the police department's investigation in this matter and ordered Lieutenant Guntzviller to make material omissions regarding the prior contact between Plaintiffs and City officials and Plaintiffs' claims to First Amendment protections.

69.     Upon information and belief, the same City officials, in furtherance of their unconstitutional plan to infringe Plaintiffs' constitutional rights, ordered Lieutenant Guntzviller to intentionally omit Plaintiffs' yard signs from specific mention in the warrant application.

70.     Upon information and belief, the signs were specifically omitted from the warrant application to prevent the judge from ordering a prior adversarial hearing regarding their status under the First Amendment.

Document received by the MI Wayne 3rd Circuit Court.

71.     In order to intentionally obscure and divert attention away from the inherent unconstitutionality of the City's seizure and disposal of Plaintiffs' constitutionally protected yard signs, Thomas Gilcrest of the City's Building Safety Engineering Environmental Department, at the behest of and in conjunction with Douglas Baker, claimed in the City's state court pleadings that the signs violated questionably relevant provisions of the building code.

72.     Upon information and belief, the City of Detroit does not require and/or train its' employees to conduct any legal research on how the courts define religion under the First Amendment or the Michigan Constitution.  Instead, the City of Detroit has a custom of allowing its employees to make such determinations, contrary to the constitutional rights of its citizens, without reference to any legal or academic standards.  Consequently, the City consistently, as it has in this case, not only allows, but encourages its employees to act in an unconstitutional and discriminatory manner.

73.     On September 22, 2023, without any type of pre-seizure adversarial hearing, the  Detroit Police Department officers, led by Lieutenant Guntzviller and sergeant Kevin Briggs led a SWAT team of 12 other police officers in raiding the Bushnell CHURCH location with assault rifles and full military tactical gear.

74.     During the raid, the police officers involved held Shaman Shu and two other members of the ministry at gunpoint for over fifteen minutes even though none of the individuals present were armed, resisted the raid in any way, had any kind of criminal record (violent or otherwise), or attempted to flee the scene.  Moreover, the Police Department's pre-raid risk assessment indicated minimal to no risk to officers or the general public in executing the raid.

Document received by the MI Wayne 3rd Circuit Court.

75.    As a result of the unnecessary, overwhelming, blatantly unconstitutional, and excessive force used to effectuate the raid, Plaintiff, Shaman Shu, and the other two members present, suffered severe emotional distress and mental anguish as the raid was frightening, embarrassing, and confusing to them based upon the prior conversations he had had with Detroit City Police officers and leaders.  As a result of the trauma suffered by these individuals, their lives have been forever adversely affected and irreparably harmed.

76.    As a result of the unconstitutional search and seizure executed by the above-name Detroit police officers, multiple pounds of Plaintiffs' Sacrament (Sacred Mushrooms), as well as approximately 56,000 grams of unregulated hemp, claimed by the City, consistently and insistently, to be regulated marijuana, were seized.

77.    Both the Sacred Mushrooms and hemp seized are essential Sacraments of The Plaintiffs' ministry and the unconstitutional confiscation of these items has completely shut down Plaintiffs' ability to practice their religion in any meaningful way.  The hemp seized was intended to be made into sacred CBD oils and used for anointment and healing purposes.

78.    While the obviously unregulated hemp was confiscated on September 22, 2023 and allegedly submitted to the City's drug testing laboratory on the exact same day; no testing results have been disclosed and the City continues to insist that the substance seized was regulated marijuana.

79.    Despite its failure to disclose the test results of the purported "illegal marijuana," the City's counsel, Douglas Baker, continues to assert that the substance is illegal marijuana based upon his opinion of its appearance in highly illegible photographs.

80.    To date, over a year since the hemp was allegedly sent for testing, no actual scientific test results or admissible lab results have been produced to substantiate Mr. Baker's

Document received by the MI Wayne 3rd Circuit Court.

assertion.

81.     Even though the City's continued possession of the unregulated hemp and Sacred Mushrooms constitutes an unconstitutional burden upon the free exercise rights of Plaintiffs, the City has made no effort to try and test the seized items and/or attempted to return any of the items seized which are constitutionally protected and/or are perfectly legal for the Plaintiffs to possess.

82.     Upon information and belief, the reason for the City's failure to substantiate its claims regarding the seized hemp, despite its ability to do so without delay, is to try and protect the economic interests of Councilman James Tate, whose wife owns a marijuana dispensary within the same precinct as the Bushnell Church location.  Accordingly, it is believed that Mr. Tate has ordered the City's counsel, Douglas Baker and Conrad Mallet, to never disclose the testing results, as it would require that the hemp be returned to the Plaintiffs and distributed to members of Soul Tribes which could theoretically divert some CBD customers away from his wife's dispensary.

83.     In addition to confiscating all the Plaintiff's Sacrament, the Detroit Police officers also seized and disposed of, without a prior or subsequent adversarial hearing on the First Amendment free speech issues, all of Plaintiffs' signs posted in the yard of the Bushnell Church location, even though said signs were not listed in the search warrant as an item to be seized or any prior notice given to Plaintiffs that the signs violated any local, state, or federal law.

84.     After the unconstitutional raid on the Bushnell Church location, BSEED employee Thomas Gilcrest appeared at the scene and while conversing with Shaman Shu, asked why he wanted to maintain the Bushnell property as a church when its location is

Document received by the MI Wayne 3rd Circuit Court.

considered prime commercial real estate that would be much more lucrative than a church.

85.     Subsequent to the unconstitutional raid, David Bell and Thomas Gilcrest of the Building Safety Engineering and Environmental Department provided material assistance in violating the constitutional rights of Plaintiffs by claiming, ex post facto, that the Bushnell Church location was in violation of multiple building and sign codes, although the Plaintiffs were never provided with any prior or subsequent notice of these violations or adversarial proceeding relating to the same provided. Clearly, these alleged violations were invented to help obscure the City's blatantly unconstitutional seizure and disposal.

86.     Upon information and belief, David Bell, as director of BSEED, regularly allows his building inspectors and other department officials to use alleged building, zoning, and signage violations, ex post facto, as a means to justify the unconstitutional dispossession of property from Detroit citizens, the purposes of which being completely unrelated to the City's interest in enforcing the municipal code.

87.     Due to the unconstitutional actions of the City of Detroit, by and through The various departments and officials named herein, Shaman Shu, Soul Tribes, and its membership have been and continue to be irreparably harmed, as the City, in addition to illegally confiscating all of their religious Sacrament, as described in further detail herein, has also made concerted efforts to ensure that Soul Tribes engages in no form of religious exercise within the City of Detroit or the State of Michigan.

88.     Considering that the U.S. Supreme Court considers the loss of religious free exercise rights, even for "minimal periods of time"[24] to constitute irreparable harm, the Plaintiffs have and continue to suffer harms so irreparable that a money judgment in the billions of dollars would fall short of rectifying the harms and damages which have befallen

Document received by the MI Wayne 3rd Circuit Court.

upon the Plaintiffs and the members of Soul Tribes.

89.     Approximately six days after the Detroit police raided the Bushnell Church location, the City filed a nuisance action, by way of Verified Complaint pursuant to MCL 600.3801 et. seq. in the 3rd Judicial Circuit of Wayne County, alleging that Plaintiffs religious exercise/activities at the Bushnell Church location were "unlawful" and therefore a nuisance per se under the statute.

90.     In addition to the Verified Complaint, the City simultaneously filed additional motions and other pleadings aimed at shutting down the Plaintiffs' religious activities not only at the Bushnell Church location, but across the entire State of Michigan, as authorized by MCL 600.3805.

91.     Absent from all the pleadings filed and statements made in said proceedings is any mention that Shaman Shu, on behalf of Soul Tribes, had unilaterally reached out and engaged the City about its religious beliefs and exercise, including his belief that the ministry's consumption and distribution of its sacrament to  its  members  was  constitutionally protected  from  unnecessary  governmental interference, well before the September 21, 2023 search warrant application and resulting raid.

92.     Under the Article 1, Section 4 of the Michigan constitution, any law or governmental action which burdens a sincere religious exercise, even if it does so incidentally vis-à-vis an otherwise neutral and/or generally applicable law, the government must show a compelling interest in enforcing the law against the religious practitioner and the chosen means of enforcement must constitute the least restrictive means of furthering its interest.

93.     That the conduct of the City and its agents has directly targeted the Plaintiffs and its religious services while ignoring similar conduct in the City.  For example,

Document received by the MI Wayne 3rd Circuit Court.

While the Plaintiffs have and continue to suffer irreparable harms as a consequence of their civil rights being continuously, intentionally, and maliciously violated by the City, other individuals and institutions similarly situated within the City of Detroit continue to engage in similar conduct without issue. More specifically, other secular businesses like the Psychedelic Healing Shack, Spores Detroit, Per Ankh Entheogenic Church, Shroom Groove, Sugar Leaf, and other "legal" marijuana dispensaries openly advertise and sale Psilocybin-containing mushrooms to the public. In fact, the Detroit Police have taken reports of vandalism from the owners of Shroom Groove, so they are fully aware of the nature and operation of this business. Yet, at the same time, the Defendants have forbidden the Plaintiffs from using the word "shroom" in any way, shape or form. Furthermore, Catholic churches across the City of Detroit serve alcohol to minors between the age of ten and twenty- one, in direct violation of the same nuisance statute, MCL 600.3801(d), used to infringe the Plaintiffs' civil rights.

94.    After the City and its agents wrongfully raided and closed down Bushnell, the Plaintiffs attempted to continue practicing its religion in a manner consistent with the state court order but with its core beliefs regarding the sanctity of Sacred Mushrooms, the validity and constitutionality of which they vehemently inconsistent dispute, Plaintiffs attempted to hold religious services with legal and unscheduled mushrooms at the Detroit St. Regis hotel. However, despite having entered into a valid and enforceable legal contract with Plaintiffs for use of its' facility, the contract was unilaterally cancelled by St. Regis' management because Douglas Baker of the City Law Department threatened to pull the hotel's liquor license if it followed through with its contract with Plaintiffs.

95.    To date, the City has, through judicial and extra judicial acts, completely prevented Plaintiffs in engaging in any religious activities, free speech, or assembly, regardless

Document received by the MI Wayne 3rd Circuit Court.

of its actual or perceived interest in doing so.

96.     The Plaintiffs right to commune and dispense Sacred Mushrooms as part of a constitutionally protected religious practice has been clearly established by the U.S. Supreme Court and lower federal courts.[39] Both the U.S. and Michigan constitutions require the government demonstrate a compelling interest and least restrictive means when enforcing a law or statute against sincere religious practitioners, such as the Plaintiffs. Despite Plaintiffs' right to remain unmolested in its religious practice absent a compelling governmental interest being clearly established for at least fifteen years, the City has completely prevented Plaintiffs from practicing all facets of its religion without offering any substantial justification or compelling interest in doing so. Additionally, no less restrictive means of protecting the City's perceived interest has ever been discussed or explored as required by long-standing U.S. Supreme Court jurisprudence.

### COUNT I
### Violations of Religious Land Use and Institutionalized Persons Act (Religious Exercise)

97.     Plaintiffs incorporate all previously pled paragraphs as if fully rewritten herein.

98.     Defendants have deprived, are aware that they have deprived, and continue to deprive the Plaintiffs of their right to the free exercise of religion by the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C.cc(a) et seq., (RLUIPA) by imposing and implementing a land use regulation that substantially burdens Plaintiffs' religious exercise.

99.     Defendants have arbitrarily and unjustly enforced the nuisance statute MCL

Document received by the MI Wayne 3rd Circuit Court.

600.3801, et seq. by declaring Plaintiffs' constitutionally protected religious practice "unlawful" under said statute, and, through their individual and collective efforts to enforce the statute have succeeded in closing down Plaintiffs' Bushnell Church location.

100.   Through enforcement of the nuisance statute, Defendants continue to prevent Plaintiffs from practicing their religion in all respects and has continuously enforced the nuisance statute against Plaintiffs, regardless of where they seek to gather for religious purposes and/or regardless of whether they are consuming and/or dispensing controlled substances.

101.   Without access to a physical location within the State of Michigan to gather for religious congregation, ceremony, prayer ritual, fellowship, and/or education, the Plaintiffs' ability to administer to the religious and spiritual requirements and needs of its community members has been unduly limited and burdened and outright thwarted in all respects, without regard to the City's perceived or actual interest in preventing or limiting the activities.  As such, the City has not implemented the least restrictive means in burdening Plaintiffs' religious exercise, instead enforcing an outright ban on Plaintiffs' religious practice throughout the State, irrespective of the actual practice at issue.  The ability to provide for the religious and spiritual needs of its members is fundamental to Shaman Shu and Soul Tribe's mission.

102.   By the imposition and implementation of a land use regulation that imposes a substantial burden on Plaintiffs' sincere religious exercise within the State of Michigan, Defendants made an individualized assessment of the Plaintiffs' use of the Bushnell Church location and any location within the State of Michigan for constitutionally protected religious practices, deeming it "unlawful" under MCL 600.3801.

103.   Imposition of such a burden is not in furtherance of a compelling

Document received by the MI Wayne 3rd Circuit Court.

Governmental interest and is not the least restrictive means of furthering any governmental interest, compelling or otherwise.

104.   Plaintiffs are entitled to issuance of a permanent injunction enjoining Defendants from enforcing any limitation upon Plaintiffs' use of its Bushnell Church location, or any private property in the State of Michigan, which is not in furtherance of a compelling governmental interest and the least restrictive means of furthering that interest, and to require Defendants to take whatever actions necessary to permit Plaintiffs to undertake such use of the Bushnell Church location and/or any other privately owned location within the State of Michigan.

105.   Defendants' unlawful actions have caused and continue to cause Plaintiffs irreparable harms and damages for which they are entitled to injunctive and declaratory relief as well as compensatory and punitive damages, in addition to all such other relief this Court deems just and proper including costs and attorneys' fees in this action.

**WHEREFORE,** Plaintiffs respectfully request this Honorable Court grant injunctive and declaratory relief as well as compensatory and punitive damages in excess of 25,000.00, in addition to all such other relief this Court deems just and proper including costs and attorneys' fees in this action.

## COUNT II
### Violations of Religious Land Use and Institutionalized Persons Act (Discrimination on the Basis of Religion)

106.   Plaintiffs incorporate all previously pled paragraphs as if fully rewritten herein.

107.   The nuisance statute MCL 600.3801 et seq., is being applied to Plaintiffs, Shaman Shu and Soul Tribes on less than equal terms with other religious and non-religious

Document received by the MI Wayne 3rd Circuit Court.

assemblies and institutions in the City of Detroit.

108. Defendants' conduct was prompted or substantially caused by Plaintiffs' religious exercise in consuming and dispensing its Sacrament to its members, regardless of whether such sacrament is prohibited and/or controlled under local, state and/or federal law, and Defendants are clearly influenced by sectarian opposition to the presence of such an entheogen based religious institution in the City of Detroit.

109. Defendants have deprived, are aware that they deprived, and continue to deprive Plaintiffs' right to be free from religious discrimination as secured by RLUIPA, by enforcing a land use regulation that discriminates based on religion.

110. Defendants have imposed an absolute ban on Plaintiffs' distribution of Sacred Mushrooms and/or any Sacrament, regardless of its legal status, to their membership throughout the City of Detroit and the State of Michigan, while other secular organizations, such as the Psychedelic Healing Shack, Spores Detroit, Per Ankh Entheogenic Church, Shroom Groove, Sugar Leaf, and other "legal" marijuana dispensaries openly advertise, for purely commercial and secular purposes, across the City. Upon information and belief, these purely secular organizations sell, for purely commercial and not religious purposes, the same type of "psychedelic" mushrooms as Plaintiffs without threatened or actual enforcement of MCL 600.3801 et seq.

111. Defendants have imposed an absolute ban on Plaintiffs' distribution of Sacred Mushrooms and/or unscheduled Sacraments to their membership throughout the City of Detroit and the State of Michigan, while the Catholic Church openly distributes alcohol to minors between the ages of ten and twenty-one in violation of MCL 600.3801(d). Moreover, countless religious organizations similarly situated to Plaintiffs distribute religious literature,

Document received by the MI Wayne 3rd Circuit Court.

for renumeration, which they believe conveys the message of the Divine.

112.    Throughout the City of Detroit, secular uses of Sacred Mushrooms and other plant-based psychedelics goes on unabated and undisturbed pursuant to Proposal E, which is codified in the City's ordinance as Section 31-9-71, *et. Seq*. Said proposal decriminalizes and deprioritizes the use of entheogenic plants including the Sacred Mushroom.  Nevertheless, Plaintiffs were subject to the September 22, 2023 unconstitutional raid wherein all their religious Sacrament was unlawfully seized; said seizure occurring only two weeks after officially opening the doors of the Bushnell Church location. Within four weeks of opening the doors to the Bushnell Church location, Defendants had succeeded in obtaining an injunction against Plaintiffs which, through Plaintiffs' extra judicial enforcement and intimidation, has effectively prevented Plaintiffs from practicing any aspect of their religion within the State of Michigan.

113.    During the ninety-seven years prior to the September 22, 2023 raid, the Bushnell Church location was inhabited by various Christian sects and left completely unmolested by the City.  Two weeks after it was openly inhabited by Plaintiffs, African American entheogen-based religious practitioners, the City raided the building and effectively shut down Plaintiffs' religious practice all across the State of Michigan.

114.    Plaintiffs are entitled to a declaration that the Defendants' enforcement of the nuisance statute MCL 600.3801 et seq. against Plaintiffs' activities at the Bushnell Church location, and across the State of Michigan, constitutes discrimination on the basis of Plaintiffs' religious beliefs and practices, not justified by a compelling government interest, and is in clear violation of RLUIPA.

115.    Plaintiffs are entitled to issuance of a permanent injunction enjoining

Document received by the MI Wayne 3rd Circuit Court.

Defendants from enforcing any limitation which is not in furtherance of a compelling

governmental interest and the least restrictive means of furthering that interest upon Plaintiffs'

use of the Bushnell Church location or any private property within the State of Michigan for

religious uses, and requiring Defendants to take whatever actions necessary to permit

Plaintiffs to undertake such use without delay.

116.   Defendants' unlawful actions has and continues to cause Plaintiffs

Irreparable harm and they are entitled to injunctive and declaratory relief, as well as

compensatory and punitive damages, in addition to all such other relief this court deems just

and proper including costs and attorney's fees in this action.

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court to grant

injunctive and declaratory relief, as well as compensatory and punitive damages in excess of

25,000.00, in addition to all such other relief this court deems just and proper including costs

and attorney's fees in this action.

## COUNT III
### Violations of Religious Land Use and Institutionalized Persons Act
### (Equal Terms)

117.   Plaintiffs incorporate all previously pled paragraphs as if fully rewritten

herein.

118.   Defendants have deprived, are aware that they have deprived, and

continue to deprive Plaintiffs of their right to free exercise of their religion, as secured by

RLUIPA, by imposing and implementing a land use regulation in a manner which treats a

religious assembly or institution on less than equal terms with a nonreligious institution or

assembly.

Document received by the MI Wayne 3rd Circuit Court.

119.   The nuisance statute, by and through the state and city Controlled Substances Acts place far less restrictions on secular institutions than it places on religious assemblies or institutions like Soul Tribes.  More specifically:

a.   Innumerable pharmacies, doctors' offices, and other secular/medical activities involving controlled substances much more harmful and prone to addiction and diversion than the Sacred (psilocybin containing) Mushrooms consumed by Plaintiffs and their members, operate with impunity despite creating an exponentially greater risk of harm to the public health and safety in all respects;

b.   Countless individuals and businesses, such as the Psychedelic Healing Shack, Spores Detroit, Per Ankh entheogenic Church, Shroom Groove, Sugar Leaf, and other "legal"  marijuana dispensaries engage in similar but purely secular use, distribution and/or sale of Psilocybin-containing mushrooms and other plant-based psychedelics without interference from the City; and,

c   Despite 61% of the voters of Detroit, through the passing of Proposal E, a measure drafted by Shaman Shu, that enforcement of the City's controlled substances laws concerning the consumption and distribution of specifically enumerated plant and fungal-based psychedelics, such as the Sacred Mushrooms consumed and dispensed by Plaintiffs, is the lowest priority of City law enforcement, the City has chosen to completely turn a blind eye to properties engaged in the secular use of said substances and squarely focus its attention on the religious uses employed by Plaintiffs at the Bushnell Church location and throughout the State of Michigan.

120.   There is no compelling government interest in having relaxed enforcement of the nuisance statute against secular institutions for non-religious assemblies and institutions

Document received by the MI Wayne 3rd Circuit Court.

while enforcing the nuisance statute in a harsh and very restrictive way against religious assemblies and institutions, especially considering that the voters of the City of Detroit placed such activities as the lowest priority of the City's law enforcement.

121. Even if there was a compelling governmental interest, the nuisance statute, as written and as applied, is not the least restrictive means of furthering that governmental interest.

122. Plaintiffs are entitled to a declaration that the nuisance statute as written, and as applied to Plaintiffs, violates both state and federal constitutions, is in violation of RLUIPA, and discriminates against them based on the nature and substance of their religious beliefs and practices.

123. Plaintiffs are entitled to issuance of a permanent injunction enjoining Defendants from enforcing any limitation upon Plaintiffs' use of the Bushnell Church property for religious uses and requiring Defendants to take whatever actions necessary to permit Plaintiffs to undertake such use at the Bushnell Church location and/or any other private property across the State of Michigan.

124. Defendants' unlawful actions have caused and continue to cause Plaintiffs irreparable harms and damages and as such, they are entitled to injunctive and declaratory relief, as well as compensatory and punitive damages, in addition to all such other relief this Court deems just and proper including costs and attorneys' fees in this action.

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court to grant injunctive and declaratory relief, as well as compensatory and punitive damages in excess of 25,000.00, in addition to all such other relief this court deems just and proper including costs and attorney's fees in this action.

Document received by the MI Wayne 3rd Circuit Court.

<u>**COUNT IV**</u>

<u>**Violation of State and Federal Constitutions**</u>

<u>**First and Fourteenth Amendment to the United States Constitution –Mich Const**</u>
<u>**1963 Art I, §3 & 4**</u>

**(Free Exercise of Religion and Assembly Including -**
**42 U.S.C. §1983 Violations)**

125.   Plaintiffs incorporate all previously pled paragraphs as if fully rewritten herein.

126.   Defendants have deprived, are aware that they have deprived, and continue to deprive Plaintiffs of their right to free exercise of religion and right to assembly as secured by the First Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment to the United States Constitution.

127.   Defendants have deprived, are aware that they have deprived, and continue to deprive Plaintiffs of their right to free exercise of religion and right to assembly as secured by the Article 1 Sections 3 and 4 of the Michigan Constitution.

128.   Plaintiffs have been deprived of their constitutional rights under the free exercise and assembly clauses of the US and Michigan Constitutions by Defendants' individual and combined efforts to enforce MCL 600.3801, a law which, according to clear and long-standing U.S. Supreme Court precedent, is neither neutral and/or generally applicable on its face and/or as applied.

129.   The means through which Defendants have enforced MCL 600.3801 are not narrowly tailored, as required by clear and long-standing U.S. Supreme Court precedent, to draw the delicate balance between the City's purported interest in the health and safety of Detroit Citizens and the Plaintiffs' rights to free exercise of religion and assembly under said Constitutions.

Document received by the MI Wayne 3rd Circuit Court.

130.    The Plaintiffs' right to gather and to engage in the safe and peaceful consumption and distribution of its religious Sacrament to its members with minimally intrusive and reasonable governmental regulation is clearly established, and a reasonable person in the position of the named Defendants, at all relevant times hereto, would have known their conduct against Plaintiffs was in direct violation of their clearly established rights.

131.    Because of Defendants' unconstitutional and violent efforts in enforcing the nuisance statute, Plaintiffs are prevented from gathering and/or practicing any aspect of their religion anywhere in the State of Michigan, including practices that exclude the use of any controlled substance and were not the subject of the State Court judgment and/or proceedings.

132.    As a direct and proximate result of all named Defendants' unlawful and discriminatory conduct, Plaintiffs have sustained irreparable harms and damages, and Shaman Shu and the members of Soul Tribes have suffered and continue to suffer mental anguish, physical and emotional distress, humiliation, and embarrassment.

133.    Additionally, as a direct and proximate result of all named Defendants' unlawful and discriminatory conduct, the Plaintiff's Bushnell Church location has sustained significant and irreparable structural damages as well as the loss of priceless religious artifacts and relics.

134.    Considering the foregoing, Plaintiffs are entitled to a declaration that the nuisance statute MCL 600.3801, both as written and as applied, violates the Plaintiffs' First and Fourteenth Amendment rights and/or Article 1 Sections 3 and 4 of the Michigan Constitution to free exercise of religion and assembly.

135.    Plaintiffs are entitled to the issuance of a permanent injunction  from

Document received by the MI Wayne 3rd Circuit Court.

Defendants' enforcement of the nuisance statute against them and their members, regardless of where they are located in the State of Michigan and requiring Defendants to take whatever action necessary to permit Plaintiffs to re-engage in their religious practices.

136.   Defendants' unlawful actions have caused and continue to cause Plaintiffs irreparable harms and damages and as such they are entitled to injunctive and declaratory relief as well as compensatory and punitive damages in excess of $25,000, in addition to all other relief this Court deems just and proper including costs and attorney fees.

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court grant declaratory and injunctive relief, compensatory and punitive damages in excess of $25,000, and costs and attorney fees against Defendants, plus other equitable relief this Court deems just and equitable.

**COUNT V**

**Violation of State and Federal Constitutions**

**First and Fourteenth Amendment to the United States Constitution –Mich Const 1963 Art I, §5**

**(Free Speech and Expression- Including 42 U.S.C. §1983 Violations)**

137.   Plaintiffs incorporate all previously pled paragraphs as if fully rewritten herein.

138.   Defendants have deprived, are aware that they have deprived, and continue to deprive Plaintiffs of their right to free speech and religious expression as secured by Article 1 Section 5 of the Michigan Constitution and the First Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment to the United States Constitution.

139.   Defendants deprived Plaintiffs of their right to free speech and religious

Document received by the MI Wayne 3rd Circuit Court.

expression, guaranteed by both Constitutions, by seizing without a warrant and immediately disposing of the Plaintiffs' signs, which were posted in the yard of the Bushnell Church location. Said signs contained constitutionally protected speech and constituted essential religious expression aimed at proselytizing for new members, particularly younger members in the community who only know to identify Sacred (psilocybin-containing) Mushrooms as "shrooms." This targeted demographic is most likely to engage in anti-social behavior such as gang activity and drug abuse/distribution. The posting of said signs was an essential part of the Plaintiffs' religious practice/mission to improve the quality of life in their community.

140.    Defendants also deprived Plaintiffs of their right to free religious expression, guaranteed by said Constitutions, by seizing all of Plaintiffs' Sacred Mushrooms and industrial hemp (which was acquired to make CBD oils for healing and anointing purposes), as both items are Sacraments and considered foundational and necessary elements of Plaintiffs' religious exercise and expression.

141.    Although Defendants were aware of Plaintiffs' claims to Constitutional protection concerning all of the above-mentioned items, they intentionally omitted any mention of these facts in the search warrant application and affidavit. Upon information and belief these facts were omitted at the direction of Councilman James Tates and under the supervision of Douglas Baker who co-signed the warrant affidavit, thereby adopting the statements therein as his own.

142.    Although Defendants had substantial and peaceful contact with Soul Tribes' leader, Shaman Shu, for weeks prior to the search warrant application and execution, this fact was intentionally omitted in the search warrant application and affidavit. Upon information and belief these facts were omitted at the direction of Councilman James Tates and under the

Document received by the MI Wayne 3rd Circuit Court.

supervision of Douglas Baker who co-signed the warrant affidavit, thereby adopting the statements therein as his own.

143.   Upon information and belief, the above-described omissions were made in furtherance of Defendants' conspiracy to infringe upon Plaintiffs constitutional rights, as mentioning such facts would have required Plaintiffs be provided a prior adversarial hearing regarding their Constitutional claims, allowing Judge Fresard to determine the protected status of Plaintiffs' sacrament prior to authorizing its seizure. Because Defendants knew that Plaintiffs' right to possess and distribute its Sacrament was clearly established, they manipulated the search warrant affidavit so their plan to violently raid the Bushnell Church location and completely infringe upon Plaintiffs' free exercise rights would not be thwarted by observance to constitutionally-sound pre-seizure procedures.

144.   The search warrant obtained by Defendants did not describe, either generally or with particularity, the signs located in the yard of the Bushnell Church location. Despite this material omission, Defendants chose to seize and dispose of the signs immediately after the raid, in direct violation of the Plaintiffs' right to free speech and religious expression.

145.   By seizing the yard signs without the signs being particularly described in the search warrant affidavit and/or without giving prior notice and an adversarial hearing to Plaintiffs before seizure, Defendants clearly violated Plaintiffs' right to free speech and religious expression, as well as their right to due process under Article 1 Section 17 of Michigan's Constitution and the Fourth Amendment, in clear contradiction to clear and long-standing U.S. Supreme Court precedent.

146.   After the unconstitutional search and seizure at the Bushnell Church location, Defendants attempted to justify the unconstitutional seizure and disposal of the signs

Document received by the MI Wayne 3rd Circuit Court.

by manufacturing, ex post facto, alleged violations of Section 4-4-182 of the Detroit City Code. However, because no pre or post enforcement notice or hearing was ever given to Plaintiffs on the issue, it is obvious these claims were made by Thomas Gilcrest, at the direction of David Bell and the other Defendant co-conspirators, in order to obscure and try to avoid accountability for the Defendants' blatantly unconstitutional conduct. It is obvious from the afore-mentioned facts that the City had no interest in enforcing the sign code against Plaintiffs prior to the unconstitutional search and seizure.

147.    The Sacrament illegally taken by Defendants, which also constitutes an item of religious expression protected by the free speech clause of both Constitutions, was also seized without prior notice or adversarial hearing as required by clear and long-standing U.S. Supreme Court precedent.

148.    Considering the foregoing, the unconstitutional seizure of Plaintiffs' signs and Sacrament amounted to an illegal scheme of governmental censorship devoid of any constitutionally required safeguards for state regulation of items covered under both Constitutions' free speech protections.

149.    While the City attempts to justify the unconstitutional seizure and disposal of the yard signs by citing, ex post facto, to Section 4-4-182 of the Detroit City Code, the facts in the record makes it clear they were removed because the Defendants, and allegedly some City Council members and neighborhood residents were not pleased with the content of the signs. Obviously, absent some valid constitutional basis for objecting to the content of these signs, their removal and disposal without valid judicial process was unconstitutional and in direct violation of Plaintiffs' right to free speech and religious expression.

150.    Because Defendants seized and disposed of Plaintiffs' Sacrament and signs

Document received by the MI Wayne 3rd Circuit Court.

due to their personal distaste for the content of the signs and the nature and substance of Plaintiffs' religious beliefs and practices, and by failing to provide Plaintiffs with any form of prior notice or adversarial hearing, they violated Plaintiffs' clearly established Constitutional right to free speech and religious expression.

151.   Defendants, Douglas Baker and the City Law Department continue to infringe upon the Plaintiffs' right to free speech and religious expression through extrajudicial acts, including but not limited to threatening to pull the liquor license of the Detroit St. Regis Hotel if the hotel management performed under a then-existing and valid contract with Plaintiffs to use the hotel's facilities for a religious service excluding the use of any illegal or controlled substances.

152.   As a result of these threats and continued infringement upon the constitutional rights of Plaintiffs, the hotel management canceled its contract with Plaintiffs and denied them use of the hotel's facilities for religious services, thereby breaching their valid and existing lease agreement with Plaintiffs.

153.   The Plaintiffs' right to engage in free speech and religious expression without Undue interference by the City and with appropriate procedural safeguards is clearly established, and a reasonable person in the position of the named Defendants, at all relevant times hereto, would have been aware that their conduct against Plaintiffs were in direct violation of their clearly established rights under both Michigan and the Federal Constitutions.

154.   Considering the foregoing, Plaintiffs' right to free speech and religious expression has been and continues to be infringed upon by Defendants, throughout the State of Michigan, solely because of the nature and content of their religious beliefs and practices,

Document received by the MI Wayne 3rd Circuit Court.

in direct contradiction to their rights and liberties secured under both State and Federal Constitution.

155.    As a direct and proximate result of all named Defendants' unlawful and discriminatory conduct, Plaintiffs have sustained irreparable harms and damages, and Shaman Shu and the members of Soul Tribes have suffered and continue to suffer mental anguish, physical and emotional distress, humiliation, and embarrassment.

156.    Considering the foregoing, Plaintiffs are entitled to a declaration that Defendants' seizure of materials clearly protected under both Constitutions and continued suppression of their right to free religious speech and expression violates the Plaintiffs' constitutional rights to free speech and religious expression.

157.    Plaintiffs are entitled to the issuance of a permanent injunction from Defendants' infringement of their right to free speech and religious expression, regardless of where they are located in the State of Michigan and requiring Defendants to take whatever action necessary to permit Plaintiffs to re-engage in their religious speech and expression.

158.    Defendants' unlawful actions has caused and continues to cause Plaintiffs irreparable harms and damages and they are entitled to injunctive and declaratory relief as well as compensatory and punitive damages in excess of $25,000, in addition to all other relief this Court deems just and proper including costs and attorney fees.

**WHEREFORE,** Plaintiffs respectfully request this Honorable Court grant declaratory and injunctive relief, compensatory and punitive damages in excess of $25,000, and costs and attorney fees against Defendants, plus other equitable relief this Court deems just and equitable.

Document received by the MI Wayne 3rd Circuit Court.

<u>**COUNT VI**</u>

<u>**Violation of First and Fourteenth Amendment to the**</u>
<u>**United States Constitution**</u>

**(Retaliation-Freedom and Speech and Religious Exercise- 42 U.S.C. §1983)**

159.    Plaintiffs incorporate all previously pled paragraphs as if fully rewritten herein.

160.    At all times relevant hereto, Plaintiffs were engaged or attempting to engage in activities, speech, and expression protected by the First and Fourteenth Amendments to the United States Constitution as well as Michigan's Constitution through their activities at the Bushnell Church location and across the City of Detroit.

161.    In November of 2021, prior to the specific events giving rise to this litigation, Shaman Shu drafted and was intimately involved with the passing of Proposition E which decriminalized the possession and sale for renumeration, under certain limited circumstances, various plant and fungal-based "plant medicines," or psychedelics, across the City of Detroit, effectively moving the enforcement of laws aimed at punishing such conduct to the lowest enforcement priority of the City's law enforcement.

162.    Shaman Shu's participation in the political process surrounding the passing of Proposal E was dictated and guided by a series of religious experiences he had communing with various plant and fungal-based psychedelics. Moreover, his participation was founded upon his sincere belief that he was being guided and directed by the Divine.

163.    Through drafting and engaging in the political process of Proposal E, Shaman Shu was engaging in protected free speech, religious expression, and free exercise of his sincerely held religious beliefs, all of which are clearly established and protected rights under the First and Fourteenth Amendments.

Document received by the MI Wayne 3rd Circuit Court.

164.   Less than two weeks prior to the unconstitutional raid giving rise to this litigation, Shaman Shu expressed his religious beliefs about consuming and distributing Sacred Mushrooms and other religious sacraments, strictly to members of Soul Tribes, in a face-to-face meeting he had with Sergeant Crystal Johns, Director of Community policing in Soul Tribes' precinct.  During that conversation, Shaman Shu also expressed his belief that such activities were protected legally under both Proposal E and the Michigan and U.S. Constitutions law and that he was willing to sit down with City officials and discuss any issues or questions they may have.

165.   At all times relevant hereto, Plaintiffs were engaging in the afore-mentioned constitutionally protected activities, including but not limited to, approximately two weeks before the raid, and shortly before the one-on-one conversation with Crystal Johns at the precinct's police station.

166.   Due to Plaintiffs' engagement in the above-mentioned constitutionally Protected activities, Defendants obtained, without prior notice or adversarial hearing, a search warrant to raid and search the Bushnell Church location and used excessive force while unconstitutionally seizing Plaintiffs' religious sacrament and all other constitutionally protected items they could find, whether particularly described in the warrant or not. Indicative of the Defendants' retaliatory intention is the fact that there was no mention in the search warrant application of Shaman Shu's prior contact with the City's police department and/or any mention of his clear First Amendment and other legal claims surrounding his entheogen-based religious practices.

167.   Through execution of the search warrant, Defendants retaliated against Plaintiffs for their engagement in the afore-mentioned constitutionally protected activities.

Document received by the MI Wayne 3rd Circuit Court.

168.    Defendants ordered and executed the unconstitutional raid vis-a-vis approximately fifteen police officers in full tactical gear, a tactical van, and assault rifles, as if the Bushnell Church location were some high-risk location, when in fact they knew otherwise, based upon significant prior contact with Shaman Shu at the police station and contact with other members of Soul Tribes at the Bushnell Church location. Through this prior contact and investigation, Defendants knew there was negligible if any risk that police officers would be harmed or resisted in any way during the execution of the unconstitutional search warrant.

169.    During the raid, Shaman Shu and two other church members were detained for over fifteen minutes by officers with assault rifles pointed at them, while their religious Sacrament and other religious items were seized.

170.    After the raid, Shaman Shu, individually and on behalf of Soul Tribes was served with the City's nuisance lawsuit and was ordered to appear at a temporary restraining order hearing within a week of being served.

171.    During the hearing, the City, while noticing the hearing as one for a temporary restraining order, was able to acquire a temporary injunction against Plaintiffs under the state nuisance statute MCL 600.3801, which prevents Plaintiffs from practicing their religion throughout the State of Michigan.

172.    The state court injunction was obtained by the City despite not offering to introduce, or actually introducing, a single piece of admissible evidence at the hearing. Instead, the state court found the City had met the highest level of constitutional scrutiny (compelling interest test) solely through the testimony of its own legal counsel, Douglas Baker.

173.    Subsequent to the issuance of the State Court injunction, the City

Document received by the MI Wayne 3rd Circuit Court.

immediately went and completely padlocked and closed the Bushnell Church location and has left it completely abandoned and unattended, thereby causing exorbitant amounts of irreparable damages and harms to the historic Bushnell Church location, including but not limited to damage to antique and irreplaceable structural features.

174. On several occasions when Shaman Shu went to check on the location and survey the damage, Detroit City police officers immediately showed up to harass and belittle him about the entire situation.

175. Despite being completely deflated and humiliated about the entire situation and suffering financially due to the inability to recoup monies he had used to purchase the Bushnell Church location on behalf of his Ministry, Shaman Shu decided to attempt to hold religious services in Detroit, but without any scheduled sacraments, as that element of Soul Tribes' religious practice was the only issue raised in the state court proceeding.

176. Contrary to his belief the City would not take issue with religious services void of any scheduled substances, as they have no interest infringing upon such services, Douglas Baker of the City Law Department, on or about January 17, 2024, unilaterally and extrajudicially contacted and threatened to pull the St. Regis hotel's liquor license if they allowed Plaintiffs to hold religious ceremony at the Hotel with completely legal/non-scheduled sacraments.

177. Prior to the malicious threats Douglas Baker made to the management of the St. Regis hotel, the hotel had entered into a valid contact with Plaintiffs to lease a space in their hotel for a religious ceremony in February. Due to Mr. Baker's threats, the hotel cancelled their contract with P Plaintiffs.

178. Considering the foregoing, it is obvious that Defendants retaliated against

Document received by the MI Wayne 3rd Circuit Court.

Plaintiffs in response to them engaging in the open and peaceful exercise of their constitutionally protected First Amendment rights. Moreover, the irreparable harms and injuries suffered by Plaintiffs would likely chill a person with ordinary firmness from continuing to engage in the afore-mentioned activities, including but not limited to constitutionally-protected activities in which the City has no interest in regulating.

179.   The Plaintiffs' right to engage in activities protected under the First and Fourteenth amendments and under Michigan's Constitution, without retaliation by Defendants is clearly established, and a reasonable person in the position of the named Defendants, at all relevant times hereto, would have been aware of the fact that their conduct was in direct violation of those clearly established rights.

180.   As a direct and proximate result of the unlawful and retaliatory conduct of all named Defendants' herein, Plaintiffs have sustained irreparable harms and damages, and Shaman Shu and the members of Soul Tribes have suffered and continue to suffer mental anguish, physical and emotional distress, humiliation, and embarrassment.

181.   Considering the foregoing, Plaintiffs are entitled to a declaration that Defendants' retaliation against Plaintiffs for engaging in the afore-mentioned constitutionally protected activities under the First Amendment and continued suppression of their right to free religious speech and expression violates Plaintiffs' constitutional rights under the First and Fourteenth Amendment and Michigan's Constitution.

182.   Plaintiffs are entitled to the issuance of a permanent injunction from Defendants' continued retaliation against them for exercising their rights to free speech, religious expression, and free exercise of religion, regardless of where they exercise their religion in the State of Michigan and requiring Defendants to immediately and permanently

Document received by the MI Wayne 3rd Circuit Court.

discontinue their unconstitutional retaliation against Plaintiffs.

183.   Defendants' unlawful actions have and continue to cause Plaintiffs irreparable harm and damages, and as such they are entitled to injunctive and declaratory relief, compensatory and punitive damages in excess of $25,000, and all other relief this Court deems just and proper including costs and attorney fees.

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court grant declaratory and injunctive relief, compensatory and punitive damages in excess of $25,000, and costs and attorney fees against Defendants, plus other equitable relief this Court deems just and equitable.

## COUNT VII
### Violation of State and Federal Constitutions
### Fourteenth Amendment to the United States Constitution –Mich Const 1963 Art I, §2
### (Equal Protection- Including 42 U.S.C. §1983 Violation)

184.   Plaintiffs incorporate all previously pled paragraphs as if fully rewritten herein.

185.   Defendants have deprived, are aware that they have deprived, and continue to deprive Plaintiffs of their right to equal protection of the laws as secured by the Fourteenth Amendment to the U.S. Constitution and Article 1, Section 2 of Michigan's Constitution, by interpreting and enforcing the nuisance statute, MCL 600.3801 et Seq., in a manner that treats Plaintiffs, as sincere entheogen-based religious practitioners, on less than equal terms other religions and/or with secular organizations similarly situated and engaging in the exact same conduct as Plaintiffs.

186.   In enforcing the nuisance statute, Plaintiffs have arbitrarily, and in a

44

Document received by the MI Wayne 3rd Circuit Court.

discriminatory manner, deemed Plaintiffs' consumption and distribution of Sacred

Mushrooms to be "unlawful" under MCL 600.3801. However, at all times relevant hereto,

other religions and/or secular organizations within the City, similarly situated to Plaintiffs in

all material respects, have yet to be condemned despite engaging in similar conduct. For

instance,

      a.     Innumerable pharmacies, doctors' offices, and other secular businesses and

institutions regularly engage in activities involving controlled substances much more

harmful, addictive, and prone to diversion than the Sacred (psilocybin containing)

Mushrooms consumed and distributed by Plaintiffs and their members. Despite being

similarly situated as Plaintiffs, these secular businesses and institutions operate with

impunity, despite engaging in similar but more dangerous activities than the activities of

Plaintiffs;

      b.     Countless individuals and businesses, such as the Psychedelic Healing Shack,

Spores Detroit, Per Ankh Entheogenic Church, Shroom Groove, Sugar Leaf, and other

"legal" marijuana dispensaries engage in similar, but purely secular, use, distribution, and

sale of Psilocybin-containing mushrooms, as well as other plant-based psychedelics, without

any interference from the City;

      c.     Other religious institutions within the City, such as Catholic Churches, openly

distribute wine (alcohol), a much more dangerous and addictive psychoactive substance than

Sacred Mushrooms, according to any and all expert surveys ever conducted. In fact, the

Catholic Church openly and religiously serve this highly toxic and addictive psychoactive

substance (wine) to minors between the ages of ten and twenty-one. These activities also

constitute a clear violation of the nuisance statute MCL 600.3801(d) which prohibits "…the

Document received by the MI Wayne 3rd Circuit Court.

unlawful manufacture, transporting, sale, keeping for sale, bartering, or furnishing of vinous, malt, brewed, fermented, spirituous, or intoxicating liquors or mixed liquors or beverages, any part of which is intoxicating." Despite these open and flagrant violations of the nuisance law occurring within the City of Detroit, for well over a century, Plaintiffs are unable to find one instance where any Catholic Church within the City of Detroit has been subjected to enforcement of the nuisance statute, been subjected to an unconstitutional search and seizure, having their house of worship raided by a SWAT team of fifteen heavily armed police officers, and/or had their civil rights infringed in any way; and,

> d.      Countless other religious institutions across the City of Detroit sell goods and services (i.e. copies of Holy Books and other religious items and services to Church members and the general public) in the exact same way Plaintiffs distribute their Holy Sacrament to members of their ministry.

187.    Despite Defendants' obvious and mistaken beliefs to the contrary, the U.S. Supreme Court has made clear that, "…a religious organization needs funds to remain an ongoing concern….Freedom of speech, freedom of press, freedom of religion are available to all, not merely those who can pay their own way." While similarly situated religious organizations across the City of Detroit engage in unfettered commercial activities, also pursuant to and in furtherance of their religious beliefs and practices, Plaintiffs have been specifically singled out for disparate treatment due to the nature of their religious beliefs and practices.

188.    Proposal E, drafted by Shaman Shu and passed by sixty (61%) percent of Detroit voters in November 2021, placed enforcing the controlled substance laws related to consuming and distributing (in narrow instances) specific plant and fungal-based psychedelics,

Document received by the MI Wayne 3rd Circuit Court.

as the lowest priority on the City's enforcement list.

189.    While not specifically exempt from the non-renumeration requirement of Proposal E, businesses like the Psychedelic Healing Shack, Spores Detroit, Per Ankh Entheogenic Church, Shroom Groove, Sugar Leaf, and other "legal" marijuana dispensaries openly possess, distribute, sale and promote Sacred Mushrooms and other plant and fungal-based psychedelics to all those who come.

190.    In contrast, Plaintiffs are exempted from the non-renumeration requirements of Proposal E as being a spiritual/religious organization dispensing solely to its members for renumeration.

191.    Defendants have violated Plaintiffs' right to equal protection of the laws by declaring their religious exercise "unlawful" and therefore actionable under the nuisance statute MCL 600.3801 et seq., while leaving other similarly-situated religious and secular organizations within the City of Detroit free from similar declarations and prosecutions under said statute.

192.    In addition to suffering disparate treatment based upon their religious beliefs and practices, upon information and belief, the Plaintiffs are also being singled out because they are a predominantly African American ministry, while the afore-mentioned secular businesses are all owned and operated by Caucasians. Moreover, the Catholic Church is also predominantly Caucasian in the United States.

193.    The City has no compelling governmental interest in the discriminatory enforcement of the nuisance statute against Plaintiffs, as entheogen-based religious practitioners, while failing to enforce the statute against other similarly situated secular and religious organizations engaging in the same conduct, especially considering the voters of the

Document received by the MI Wayne 3rd Circuit Court.

City of Detroit, through passing Proposal E, required that such activities be the City's lowest law enforcement priority.

277.   Even if there was a compelling governmental interest, enforcing the nuisance statute as written and as applied is not the least restrictive means of furthering such an interest.

278.   The Plaintiffs' right to equal protection of the laws is clearly established, and a reasonable person in the position of the named Defendants, at all relevant times hereto, would have known their conduct was in direct violation of these clearly established rights.

279.   Plaintiffs are entitled to a declaration that the nuisance statute as written, and as applied to Plaintiffs, unconstitutionally discriminates against them because of the substance and nature of their religion and that through enforcing the nuisance statute against them in a discriminatory manner, Defendants have denied them equal protection of the laws as guaranteed by the Fourteenth Amendment to the U.S. Constitution and Article 1, Section 2 of Michigan's Constitution.

280.   Plaintiffs are entitled to issuance of a permanent injunction enjoining Defendants from enforcing any limitation upon Plaintiffs' use of the Bushnell Church property for religious uses and requiring Defendants to take whatever actions necessary to permit Plaintiffs to undertake such use at the Bushnell Church location and/or any other private property across the State of Michigan.

281.   Defendants' unlawful and discriminatory actions have caused and continue to cause Plaintiffs irreparable harms and damages and as such, they are entitled to injunctive and declaratory relief as well as compensatory and punitive damages in excess of $25,000, in addition to all such other relief this Court deems just and proper including costs and

Document received by the MI Wayne 3rd Circuit Court.

attorneys' fees in this action.

**WHEREFORE,** Plaintiffs respectfully request this Honorable Court grant declaratory and injunctive relief, compensatory and punitive damages in an amount in excess of $25,000, and costs and attorney fees against Defendants, plus other equitable relief this Court deems just and equitable.

<u>**COUNT VIII**</u>

<u>**Violation of State and Federal Constitutions**</u>

<u>**Fourth and Fourteenth Amendment to the United States Constitution –Mich Const 1963 Art I, §11**</u>
<u>**(Unconstitutional search and seizure- Including 42 U.S.C. §1983 Violation)**</u>

282.    Plaintiffs incorporate all previously pled paragraphs as if fully rewritten herein.

283.    Defendants have deprived, are aware that they have deprived, and continue to deprive Plaintiffs of their right to be free from unreasonable search and seizure, as secured by both Michigan's and the Federal Constitutions, by intentionally failing to disclose to Judge Patricia Fresdard  the exact nature of Plaintiffs' religious beliefs and practices and also intentionally failing to inform Judge Fresard that the psilocybin mushrooms listed in the search warrant were subject to Plaintiffs' claims of legal protection under both Constitutions. Both facts were well known to all the Defendants involved in the investigation and subsequent warrant application.

284.    Because Defendants were aware of Plaintiffs' constitutional free exercise claims to the Sacred Mushrooms they sought to seize, they knew where to locate the Plaintiffs, and because no other exigent circumstances existed which would require

Document received by the MI Wayne 3rd Circuit Court.

immediate action, Plaintiffs were required under long-standing U.S. Supreme Court jurisprudence, to provide Plaintiffs with an adversarial hearing on the First Amendment/Article I issues before a neutral and detached magistrate, before they could have obtained a constitutionally-sound search warrant.

285.   However, because Defendants intentionally chose not to provide Plaintiffs' with a prior adversarial hearing, and intentionally omitted telling Judge Fresard the psilocybin mushrooms listed in the warrant were subject to claims of Constitutional protections, the search warrant issued was invalid under the Fourth Amendment and/or Article I Section 11 and therefore its execution violated Plaintiffs' right to be free from unreasonable searches and seizures.

286.   The Plaintiffs' right to a prior adversarial hearing on the First Amendment/Section 11 issues concerning the Sacred Mushrooms as a religious sacrament protected under the Constitution is clearly established, and a reasonable person in the position of the named Defendants, at all relevant times hereto, would have been aware that intentionally omitting knowledge of these claims in applying for a warrant to seize them, was a direct violation of these clearly established rights. The primacy of First Amendment free exercise rights has always been a lode star in US jurisprudence and they require more exacting procedural processes before they can be fairly infringed upon. Here, Defendants intentionally deprived Plaintiffs of all procedural safeguards essential to obtaining a constitutionally valid search warrant under the facts existing at the time of the warrant application. Had Judge Fresard been aware of Plaintiffs' overt claims to First Amendment protections, she would have likely required a prior adversarial hearing before issuing the search warrant.

Document received by the MI Wayne 3rd Circuit Court.

287.   As a direct and proximate result of all named Defendants' unlawful and intentional failure to inform Judge Fresard of all the known facts regarding the Constitutional issues inherent in the search warrant, Plaintiffs have sustained irreparable harms and damages, and Shaman Shu and the members of Soul Tribes have suffered and continue to suffer mental anguish, physical and emotional distress, humiliation, and embarrassment.

288.   Considering the foregoing, Plaintiffs are entitled to a declaration that the search warrant issued by Judge Fresard, and executed by Defendants and/or its agents, was unconstitutional for being issued without appropriate procedural safeguards as required by both Constitutions, and a further declaration that Defendants' execution of the search warrant was unconstitutional and carried out in violation of Plaintiffs' constitutional right to be free from unreasonable search and seizures under the Fourth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 11 of Michigan's Constitution.

289.   Plaintiffs are entitled to the issuance of a permanent injunction from Defendants' continued unlawful search and seizures at the Bushnell Church location and/or anywhere they choose to practice their religion within the State of Michigan.

290.   Defendants' unlawful actions have and continue to cause Plaintiffs irreparable harms and damages and as such they are entitled to injunctive and declaratory relief, compensatory and punitive damages in excess of $25,000, and all other relief this Court deems just and proper including costs and attorney fees.

**WHEREFORE,** Plaintiffs respectfully request this Honorable Court grant declaratory and injunctive relief, compensatory and punitive damages in excess of $25,000, and costs and attorney fees against Defendants, plus other equitable relief this Court deems just and equitable.

Document received by the MI Wayne 3rd Circuit Court.

**COUNT IX**

**Violation of the Fourth and Fourteenth Amendment to the
United States Constitution**

**(Fourth Amendment/Excessive Use of Force- 42 U.S.C. §1983)**

291.    Plaintiffs incorporate all previously pled paragraphs as if fully rewritten herein.

292.    Defendants have deprived and are aware that they have deprived Plaintiffs of their Fourth Amendment right to be free from excessive use of force during the execution of the September 22, 2023 search warrant carried out by City and certain individually-name Detroit Police Department Defendants.

293.    Upon information and belief, the excessive use of force at issue was specifically ordered by all specifically named City Law Department Defendants, Councilman James Tate, and Detroit Police Chief James E. White.

294.    The facts circumstances confronted by the Detroit Police officer Defendants at the time the search warrant was executed, conclusively establishes the use of force against Plaintiffs was entirely unnecessary and intentionally carried out as part of the Defendants' larger plan and conspiracy to infringe upon Plaintiffs constitutional rights.

295.    The underlying and relevant facts known to Defendants at the time of the raid are as follows:

  a.    Plaintiffs' possession and distribution of Sacred Mushrooms, to its members only, was part and parcel of their sincere religious practice and that their right to engage in such activities are clearly established under the First Amendment to the U.S. and

Document received by the MI Wayne 3rd Circuit Court.

Michigan Constitutions and related jurisprudence, as well as other state and federal laws which require the government show a compelling interest and least restrictive means in substantially burdening a sincere religious exercise;

b.     That Shaman Shu had a face-to-face meeting with Sergeant Crystal Johns about his ministry, his intentions, and willingness to speak with City officials about the ministry's beliefs and practices approximately two weeks prior to the raid.  Shortly after this meeting, Ms. Johns sent a text message to Shaman Shu stating her belief that City officials would be amendable to such a meeting;

c.     Based upon the testimony of two undercover officers who visited the Bushnell Church location, they were unable to purchase any Sacred Mushrooms at the Bushnell Church location because of their refusal to under the required membership approval process.  However, neither officer noted any activity or behavior by those working at the Bushnell Church location that would indicate they were armed, violent, and/or posed any risk to law enforcement or the general public. Moreover, it was told to these officers that no other controlled substances were possessed or distributed from that location;

d.     The police never received any third-party information suggesting that Plaintiffs were engaging in any anti-social or dangerous activities which would tend to indicate they posed a risk of harm to officers or the general public;

e.     There were no facts listed in the search warrant to indicate that Plaintiffs posed a threat to anyone, much less police officers, as they had been very forthcoming and candid with officers in every encounter they had with members of Soul Tribes;

f.     Prior to the raid, a "Search & Arrest Warrant Risk Assessment Matrix

53

Document received by the MI Wayne 3rd Circuit Court.

(R.A.M.) was conducted, as presumably required by the police department's internal procedures. Out of a total potential "RAM" score of 515, representing the highest risk, Plaintiffs scored a total of 6. Five points were assessed because the warrant was for "narcotic possession/sales" and one point for "..minimal forced entry (ram & halogen)." ;

g.    According to the "RAM" document, because the score was between 1-24, it was appropriate to handle the raid "...at the command level." However, this document was never signed by a commander;

h.    Despite the utter lack of risk involved with the upcoming raid of the Bushnell Church location, per the Detroit Police's own risk assessment policies and facts known by police department officials at the time, the raid was executed with 14 armed police officers, in full raid regalia, transported by a raid van; and,

i.    Despite the fact the officers did not believe there were weapons at the location and no subjects in the facility had any prior violent offenses, the police Defendants proceeded to hold all three occupants at gunpoint with assault rifles for over fifteen minutes while the search was conducted;

296.   Considering the foregoing, the unconstitutional raid and search upon the Bushnell Church location was entirely unreasonable and excessive force was used given the facts and circumstances then existing and known by the Detroit Police Department Defendants at the time of the raid.

297.   While the warrant was authorized for the search for narcotics, the narcotics at issue, Sacred Mushrooms, were subject to the Constitutional free exercise claims of Plaintiffs who had been completely truthful and cooperative with police prior to the execution of the search warrant and no exigent circumstances were present to suggest that

Document received by the MI Wayne 3rd Circuit Court.

such an overwhelming use of force and violence was necessary to protect the City's

perceived interest in effectuating the raid. Moreover, none of the individuals at the Church

location attempted to resist or evade the police officers in any way.

298.   Despite the foregoing, the individuals present at the Bushnell Church

location at the time of the raid in question, were held at gunpoint for over fifteen

minutes and as a result, were extremely traumatized and have experienced significant

emotional distress and have suffered other mental anguish damages.

299.   Plaintiffs' right to be free from unreasonable use of force in the execution of

the search warrant is clearly established and a reasonable person would have known the

amount of force used to effectuate the search warrant at issue was clearly excessive, unlawful,

and in direct violation of the well-established constitutional rights of Plaintiffs.

300.   Defendants' unlawful actions have and continue to cause Plaintiffs irreparable

harm and damages and they are entitled to injunctive and declaratory relief, compensatory

and punitive damages in excess of $25,000, and all other relief this Court deems just and

proper including costs and attorney fees.

**WHEREFORE,** Plaintiffs respectfully request this Honorable Court grant

declaratory and injunctive relief, compensatory and punitive damages in excess of $25,000,

and costs and attorney fees against Defendants, plus other equitable relief this Court deems

just and equitable.

## COUNT X

### Monell Liability Against Detroit- 42 U.S.C. § 1983

301.   Plaintiffs incorporate all previously pled paragraphs as if fully rewritten

Document received by the MI Wayne 3rd Circuit Court.

herein.

302.   At all times relevant herein, the City of Detroit, by their own customs, policies, and/or practices have systematically failed to properly train, evaluate, supervise, investigate, review, and/or discipline their police officers and other employees under their supervision and allowed, acquiesced in, and/or encouraged other City departments and officials to exert undue influence over police officers in directing and/or controlling their investigations and enforcement activities in order to unlawfully confront, use excessive force, humiliate, and mistreat Plaintiffs.

303.   As a consequence of the foregoing, the City of Detroit directly and proximately caused Plaintiffs to be deprived of their liberties and rights to free speech, free exercise of religion, freedom of assembly, right to be free from excessive force, unreasonable search and seizures, and other unreasonable intrusions against their persons without due process of law, in violation of the United States Constitution.

304.   More specifically, the City of Detroit allows higher ranking city officials to use the Detroit Police Department to violate the clearly established rights of Detroit citizens for discriminatory and personal reasons and not for purposes congruent with the best interests of the City of Detroit or its citizens.  This custom is tolerated by the City of Detroit and acquiesces in the federal rights violations which occur because most of the violations serve to benefit those in charge.

305.   Upon information and belief, the City of Detroit both tolerates and acquiesces in a custom of allowing the City Law Department to participate in and control the investigations conducted by the Detroit Police department and other departments, which includes falsely misstating the law to police officers as a means of violating the federal

Document received by the MI Wayne 3rd Circuit Court.

constitutional rights of individuals and institutions for discriminatory and unconstitutional purposes.

306.   Upon information and belief, the City of Detroit both tolerates and acquiesces in a custom of allowing the City Law Department to engage in extrajudicial acts as a means of violating the federal constitutional rights of individuals and institutions for discriminatory and unconstitutional purposes.

307.   Upon information and belief, the City of Detroit has none and/or woefully inadequate training and supervision over its employees on how to identify and appropriately handle situations involving significant federal civil rights and consistently allows its employees to violate the substantial and inalienable civil rights of its citizens with impunity.

308.   The unconstitutional customs and lack of training and supervision maintained by the City of Detroit has and continues to cause Plaintiffs irreparable harms and damages and they are entitled to injunctive and declaratory relief, compensatory and punitive damages in excess of $25,000, and all other relief this Court deems just and proper including costs and attorney fees.

**WHEREFORE,** Plaintiffs respectfully request this Honorable Court grant declaratory and injunctive relief, compensatory and punitive damages in excess of $25,000, and costs and attorney fees against Defendants, plus other equitable relief this Court deems just and equitable.

## COUNT XI

### Conspiracy to Deprive- 42 U.S.C. § 1983

309.   Plaintiffs incorporate all previously pled paragraphs as if fully rewritten

Document received by the MI Wayne 3rd Circuit Court.

herein.

310.   Defendants James Tate, Douglas Baker, Conrad Mallet, David Bell, Thomas Gilcrest, James E. White, Detrich Lever, Joel Dobis, and Andrew Guntzviller conspired together, under a single plan, to deprive Plaintiffs of their constitutional rights and each of the above-named Plaintiffs committed overt acts in furtherance of said conspiracy, resulting in the irreparable harms and damages stated herein.

311.   Upon information and belief, Defendant James Tate ordered the initial investigation and unconstitutional raid upon the Bushnell Church location due to his personal distaste for Plaintiffs' religious beliefs and practices as well to protect his personal financial interests, as his wife owns a marijuana dispensary in the City of Detroit.

312.   Upon information and belief, Douglas Baker and Conrad Mallet, at the behest of Mr. Tate, provided material assistance to the conspiracy by guiding the police department's investigation in a manner which intentionally disregarded Plaintiffs' constitutional rights and claims so as to prevent the conspiracy from being impeded upon in any way. Furthermore, Douglas Baker has continued to act in furtherance of the conspiracy to infringe upon the constitutional rights of Plaintiffs by constantly engaging in extrajudicial threats, including not limited to threats to the St. Regis hotel, threatening to pull their liquor license if they honored their contractual agreement to lease a portion of its facility to Plaintiffs for a religious ceremony which would not include the consumption of any scheduled substances.

313.   Defendants David Bell and Thomas Gilcrest acted in furtherance of the conspiracy by alleging in various state court pleadings, ex post facto, that the Bushnell Church location was in violation of various building and sign codes. Upon information and

Document received by the MI Wayne 3rd Circuit Court.

belief, these acts were done in furtherance of the conspiracy to deprive Plaintiffs of their constitutional rights and to ensure continued dispossession of the Bushnell Church location.

314.   Defendants James E. White, Detrich Lever, Joel Dobis, and Andrew Guntzviller acted in furtherance of the conspiracy to deprive Plaintiffs of their constitutional rights by intentionally omitting material facts in the search warrant application for the Bushnell Church location, and both authorized and supervised the use of excessive force in executing the search warrant.  All of these intentional and overt acts were done at the behest of James Tate, Conrad Mallet, and Douglas Baker and were essential to the conspiracy to deprive Plaintiffs of their constitutional rights.

315.   The afore-mentioned conspiracy to deprive Plaintiffs of their constitutional rights has and continues to cause Plaintiffs irreparable harms and damages and they are entitled to injunctive and declaratory relief, compensatory and punitive damages in excess of $25,000, and all other relief this Court deems just and proper including costs and attorney fees.

**WHEREFORE,** Plaintiffs respectfully request this Honorable Court grant declaratory and injunctive relief, compensatory and punitive damages in excess of $25,000, and costs and attorney fees against Defendants, plus other equitable relief this Court deems just and equitable.

## COUNT XII
### Declaratory Relief
### (MCR 2.605(A)

316.   Plaintiffs incorporate all previously pled paragraphs as if fully rewritten herein.

Document received by the MI Wayne 3rd Circuit Court.

317.    That in accordance with MCR 2.605(A) this Court is empowered to declare the rights and legal relations with respect to the Parties hereto.

318.    That in accordance with MCR 2.605(D) the court may order a speedy hearing of an action for declaratory relief and may advance it on the calendar.

319.    That an actual and justiciable controversy exists between the Plaintiffs and Defendants with respect to the Plaintiffs religious practices.

320.    Defendants' conduct described herein was intentional and made with reckless indifference to Plaintiffs' Constitutional rights to free speech, free exercise of religion, right to assemble; right to be free from unreasonable search and seizures and use of excessive force in execution thereof and has denied Plaintiffs equal protection of the laws as guaranteed by the Michigan and U.S. Constitutions.

321.    Defendants 'conduct described herein was intentional and made with reckless indifference to Plaintiffs' rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. 2000cc et seq.

322.    Defendants' practices and customs which fostered the discriminatory and unconstitutional enforcement of state and local laws against Plaintiffs is an unconstitutional system which has infringed and continues to infringe upon the afore-mentioned constitutional rights of Plaintiffs.

323.    The afore-mentioned practices and customs have caused and continue to cause irreparable harm and damage to Plaintiffs and the members of their ministry.

324.    Plaintiffs are entitled to a declaratory judgment that Defendants have infringed upon and substantially burdened the afore-mentioned constitutional and statutory rights of Plaintiffs in violation of state and federal law.

60

Document received by the MI Wayne 3rd Circuit Court.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendants as follows:

a.      Declaring that the state nuisance statute MCL 600.3801 et seq. violates the free exercise, free speech, and assembly rights of Plaintiffs as guaranteed by the Michigan and U.S. Constitutions; and as such, is unconstitutional on its face and as applied in this instance;

b.      Declaring that Defendants violated Plaintiffs' constitutional rights to free speech and assembly under the Michigan and U.S. Constitutions;

c.      Declaring that Defendants violated Plaintiffs' right to free exercise of religion under the Michigan and U.S. Constitutions and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. 2000cc et seq.;

d.      Declaring that Defendants violated Plaintiffs' constitutional rights to be free from unreasonable search and seizure and from use of excessive force in execution thereof under the Michigan and U.S. Constitutions;

e.      Declaring that Defendants violated Plaintiffs' constitutional right to equal protection of the laws under the Michigan and U.S. Constitutions;

f.      Enjoining all named Defendants, Defendants' agents, employees, and successors, and all other persons in active concert or participation with Defendants from infringing upon the constitutional and statutory

61

Document received by the MI Wayne 3rd Circuit Court.

rights of Plaintiffs;

g.  Requiring Defendants to adopt nondiscriminatory policies and practices, as well as to provide extensive training and supervision over City employees to prevent encroachment on the constitutional rights of other Detroit citizens and institutions in the future;

h.  Award such damages to Plaintiffs in excess of $25,000 as will fully compensate them for the prior and ongoing loss of their constitutional rights, emotional distress, and actual financial losses suffered due to Defendants' unlawful conduct;

i.  Award Plaintiffs reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action; and,

j.  Grant Plaintiffs such other further relief as may be just and proper.

Respectfully submitted,

/s/Daniel J. M. Schouman
Daniel J. M. Schouman P-55958
Schouman and Schiano
Attorneys for Defendants
1060 E. West Maple Road
Walled Lake, Michigan 48329
(248) 669-9830
dschouman@gmail.com

I declare under the penalties of perjury that this complaint has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

/s/ Robert Shumake
Robert Shumake

Dated: January 14, 2025

Document received by the MI Wayne 3rd Circuit Court.

## JURY DEMAND

Plaintiffs demand a jury trial as to all claims so triable.

Respectfully submitted,

/s/Daniel J. M. Schouman_____
Daniel J. M. Schouman P-55958
Schouman and Schiano
Attorneys for Defendants
1060 E. West Maple Road
Walled Lake, Michigan 48329
(248) 669-9830
dschouman@gmail.com

Dated: January 14, 2025

Document received by the MI Wayne 3rd Circuit Court.

# STATE OF MICHIGAN
# IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

Robert Shumake, a/k/a Bobby Japhia. a/k/a Shaman Shu
an individual,
and Soul Tribes International Ministries,
a Michigan ecclesiastical organization,
        Plaintiffs,

vs.

City of Detroit,
a chartered municipal corporation,
and
Conrad Mallett, an individual, Douglas Baker, an individual,
James Tate, an individual, David Bell, an individual,
Thomas Gilcrest, an individual, James E. White, an individual,
Detrich Lever, an individual, Andrew Guntzviller, an individual,
Joel Dobis, an individual, Baaron Coleman, an individual,
and Kevin Briggs, an individual,

        Defendants.

Case No.: 25 - 631   CZ
Hon.: Charlne m. Elder

_____/

Schouman and Schiano
Daniel J. M. Schouman (P55958)
Attorney for Plaintiffs
1060 E. West Maple
Walled Lake, MI 48390
(248) 669-9830
Fax (248) 669-9840
_____/

## JURY DEMAND

Plaintiffs demand a jury trial as to all claims so triable.

        Respectfully submitted,

        /s/Daniel J. M. Schouman
        Daniel J. M. Schouman P-55958
        Schouman and Schiano
        Attorneys for Defendants
        1060 E. West Maple Road
        Walled Lake, Michigan 48329
        (248) 669-9830
        dschouman@gmail.com

Dated: January 14, 2025

Document received by the MI Wayne 3rd Circuit Court.